May Term,
1823.

PEYTON
v.
BOWELL.

## PEYTON v. BOWELL.

Incumbrances on real estate, sufficient to warrant a vendee in refusing a conveyance, and rescinding the contract, are not limited to deeds and matters of record. A written lease for any number of years, without seal, is such an incumbrance. So is a lease by parol for a term not exceeding three years.

It must be presumed—the record not showing the evidence—that the instructions given to the jury were applicable to the case, and had an influence on the verdict.

*Wednesday,
May 7.*

ERROR to the *Clark* Circuit Court.

BLACKFORD, J.—Debt by *Bowell* against *Peyton*, on a sealed note for the payment of money. Pleas, 1st, *per fraudem;* 2dly, failure of consideration. *Bowell* had *Harrod's* bond, conditioned for the execution of a good title to a tract of land. He sold to *Peyton*, and assigned him the title bond. The note in question was given by *Peyton* in payment. Verdict and judgment for the plaintiff below.

The instructions which the Court gave to the jury, are assigned for error. So far as those instructions go to state, that an incumbrance on real estate must be of record, or by deed, to authorize the vendee in refusing a conveyance and rescinding the contract, they cannot be supported. Thus, for example, a lease for years, outstanding at the time the title is to be executed, is a sufficient incumbrance to warrant the purchaser, without notice, in disaffirming the sale. *Tucker* v. *Woods*, 12 Johns. R. 190. And a lease for any number of years is valid, if in writing, although not under seal. *Farmer* v. *Rogers*, 2 Wils. 26.—Rob. on Fr. 246. It is even good for any term not exceeding three years, without any writing, by an exception in the statute of frauds (1). The unqualified opinion of the Circuit Court, therefore, that the incumbrance must be by deed or matter of record, seems to have been too hastily expressed.

The record does not inform us what the evidence in this case was; but we must presume that the instructions given to the jury were applicable to the case, and had an influence on the verdict.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Thompson* and *Naylor*, for the plaintiff.
*Howk*, for the defendant.

(1) Stat. 29 Car. 2.—Ind. Stat. 1817, p. 118;—1823, p. 216.