Nov. Term, 1836.

HACKLEMAN
v.
MOAT.

---

HACKLEMAN and Others *v.* MOAT.

The possession of a bond by a third person, is a strong circumstance to prove that he is authorised by the obligee to collect the money.

In a suit on a bond against the principal and his sureties, the acknowledgments of the principal may be proved to show his own liability; but *quære* whether they can be considered as evidence to affect the other defendants.

If the contents of letters be the subject of inquiry, the letters themselves must be produced or their absence accounted for.

An agent is liable, by the statute, for interest on money received by him for his principal, from the time of its being demanded.

The Court ought not to express to the jury any opinion respecting the sufficiency of the evidence.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *Moat* against *Hackleman* and others, founded on a writing obligatory conditioned for the performance of an agency by *Hackleman* for *Moat*, in selling certain medicines and books. The declaration sets out the condition of the bond and assigns breaches. The defendants pleaded three pleas. First, *nil debet;* secondly, that *Hackleman* never received the medicines and books; thirdly, that *Hackleman* was never requested to account. Issues were joined upon these pleas, and a verdict and judgment were rendered for the plaintiff below.

It appeared, on the trial, that a man by the name of *Pelham,* as *Moat's* agent, called on *Hackleman* for a settlement of his business with *Moat,* and that a settlement was accordingly made. In order to show *Pelham's* authority to act in the business, proof was offered that he had, at the time of the settlement, *Hackleman's* bond in his possession. The defendants objected to this evidence, on the ground that *Pelham's* authority could only be proved by written evidence. This objection was correctly overruled. A written authority was not necessary. *Pelham's* possession of the bond was a strong circumstance to show, that he had authority from the obligee to require the obligor to account. 13 Petersd. 730. It might not be *sufficient* evidence to satisfy the jury of the fact of *Pelham's* agency, but it was *legal* evidence as far as it went. *Owen, qui tam,* v. *Barrow,* 1 New Rep. 101.

A witness was offered to prove that *Pelham,* as *Moat's* agent, a considerable time after the alleged receipt of the medicines and books by *Hackleman,* called on *Hackleman* for a settlement, and that *Hackleman* then agreed that he had received from *Moat* medicines and books to the amount of 1,348 dollars. The defendants objected to this evidence, but the objection was overruled.

This evidence of *Hackleman's* acknowledgment of his previous receipt of the medicines and books would not have been objectionable, had the suit been against him alone. But it is said, that as the suit is against his sureties as well as himself,

*Nov. Term,*
**1836.**

HACKLEMAN
v.
MOAT.

*Tuesday,*
*November* 29.

the evidence, if admitted, must charge the sureties as well as their principal. If this consequence followed from the admission of the evidence objected to, the objection might be tenable. But we can see no good reason why *Hackleman's* acknowledgments may not be proved, in order to show his own liability. Perhaps the plaintiff, besides the principal's acknowledgments, could prove acknowledgments to the same effect, made at a different time by the sureties. If so, the jury would have the acknowledgments of all the defendants as to the same fact, and they might then, with propriety, consider the part of the case to which the acknowledgments related, to be sufficiently established. To enable the plaintiff to avail himself of such proof against all the defendants, he must have the opportunity, if he wishes it, to begin by proving the acknowledgment of any one of them.

The attorney who, at *Pelham's* request, brought this suit, was a witness. He states that since *Pelham's* departure, he has received letters purporting to be from *Moat,* giving him directions as to the suit; that he does not know *Moat's* hand writing, but has no doubt the letters are from him. These letters, he says, were mailed in *New-York;* near which city, as the bond shows, *Moat* resides. This evidence was objected to, and should not have been received. The object of it was to show that *Moat,* by thus writing to the attorney employed by *Pelham,* had recognised *Pelham* as his agent in the business. The contents of the letters were the subject of inquiry, and the letters themselves ought, therefore, to have been produced, or the cause of their absence shown. Besides, there was no proof that the letters were written by *Moat.*

The Court charged the jury, that they might give the plaintiff interest on the amount due to him, from the time the proceeds of the sale were demanded. There is no objection to this charge. If the plaintiff could sustain his action, he was entitled to interest on the sum due from the time of demand. Rev. Code, 1831, p. 290 (I).

The Court further instructed the jury, that "if they believed the evidence to be true, it was sufficient to prove the agency of *Pelham* to charge all the defendants." This instruction ought not to have been given. The evidence that *Pelham,* calling himself *Moat's* agent, demanded an account of *Hackleman,* and that he had with him the bond given to *Moat* by

*Hackleman* and his sureties, was legal evidence for the jury, because it tended to show the authority of *Pelham*. But whether the evidence given of the authority, was sufficient or not to satisfy the jury of the fact, was entirely a different question. When legal evidence is before a jury tending to prove a particular fact, it is for the jury alone to say. whether that evidence is strong enough or not for the purposes intended. The Court ought not to express to the jury any opinion respecting the sufficiency of the evidence. *Greenleaf v. Birth*, 9 Peters, 292. The Court has an opportunity to give an opinion as to the weight of the evidence, when a new trial is moved for on the ground that the verdict is not sustained by the testimony.

Had the Court been asked to inform the jury, that a power of attorney was not indispensable to the proof of *Pelham's* agency, the instruction should have been given; because that instruction would have been only as to a question of law. But the question, whether the unwritten evidence before the jury of *Pelham's* agency, was sufficient or not to establish its existence,—was not a question of law but purely of fact, and was a question with which the Court could not legally interfere (2).

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*O. H. Smith* and *C. B. Smith*, for the plaintiffs.
*J. Rariden* and *J. S. Newman*, for the defendant.

(1) If an attorney or agent for selling land, collecting money, &c., keep the money received safely, be not in default, and be ready *on demand* to pay the same to his principal,—he is not chargeable with interest for the money, unless he has used it for his own profit. *Williams* v. *Storrs*, 6 Johns. Ch. R. 353

(2) There was another point decided in this case, but as it has been since overruled, it is not here noticed.