May Term,
1856.

THE CINCIN-
NATI, &c.,
RAILROAD
COMPANY
v.
CLARKSON.

</div>

---

### THE CINCINNATI, INDIANAPOLIS AND CHICAGO RAILROAD COMPANY *v.* CLARKSON.

A corporation, under its common law power to contract, may make a valid agreement to compensate an agent for obtaining subscriptions of stock.

An instruction should not assume the facts to exist on which it is predicated.

A person employed by the month or year in a particular service, may have a right to compensation for services rendered on request out of the sphere of such employment, though there was no express agreement that he should be paid therefor.

Suit against the *Cincinnati, Indianapolis and Chicago Railroad Company,* for services rendered by the plaintiff as a stock solicitor. The jury were instructed that the defendants had authority to receive, with the consent of the directors, subscriptions to the capital stock, under regulations prescribed by the directors, in real estate and other property, and allow their agents two per cent. in stock on such subscriptions when accepted; and that if the defendants agreed to give the plaintiff two per cent. in stock for accepted subscriptions in real estate, he would be entitled to demand the per cent., for stock obtained by him, and upon a refusal to allow it in stock, he might recover its value at the time of demand. *Held,* under the evidence in the cause, that the instructions were substantially correct.

APPEAL from the *Franklin* Circuit Court.

PERKINS, J.— *Coker F. Clarkson* sued the *Cincinnati, Indianapolis and Chicago Railroad Company,* upon a bill of exchange, and for compensation as stock solicitor of said company, claiming two per cent. on the amount of stock

<div align="right">

Thursday,
June 12.

</div>

May Term,
1856.

THE CINCIN-
NATI, &c.,
RAILROAD
COMPANY
v.
CLARKSON.

obtained. Stock was taken payable in property, real and personal. The company answered, denying the demands, alleging negligence in the transaction of business by said solicitor, whereby loss accrued to the company, payment, &c. Replies, constituting issues of fact. Jury trial. Verdict for the plaintiff for 1,200 dollars, and judgment, over a motion for a new trial, on the verdict.

The special errors assigned in this Court are—

1. That the Circuit Court erred in refusing to give instructions one, three and six, as asked by the defendant. And,

2. That said Court erred in giving instructions one and two, as asked by the plaintiff.

The instructions refused read—

" That the resolution of the board of directors offering a reward or commission of two per cent., in the stock of the company, to stock solicitors, for all subscriptions of stock solicited and procured by them, is unauthorized and void."

" Where it appears from the testimony that subscribers went voluntarily to the plaintiff, and through him made propositions to the defendant for the purchase of stock, which were accepted by the defendant, the plaintiff is not entitled to the premium mentioned in said resolution, although the stock has been issued in pursuance of such proposition."

" That the plaintiff can not recover of the defendant the value of any particular services rendered her, whilst he was serving the defendant under an employment for so much by the month or year, if there was no special contract to pay extra for such particular service."

The first of the foregoing instructions is too palpably erroneous to require comment. Under its common law power to contract, a corporation might agree to give a compensation for labor in obtaining stock.

The second is bad for assuming the facts to exist on which it is predicated.

The third is wrong, because where a person is employed by the month or year, simply to attend to a particular

May Term,
1856.

branch of business, he may have a claim to compensation for services rendered on request out of that particular branch, even without an express agreement that such services should be paid for.

The instructions given and excepted to are—

"That the defendant, the railroad company, had a right by law to receive, with the consent of the directors, subscriptions to the capital stock of said company, under regulations prescribed by the directors, in real estate and other property, and allow her agents two per cent. in stock on such subscription, when accepted.

"That if the defendant agreed to give the plaintiff two per cent. in stock for accepted subscriptions in real estate, the plaintiff would be entitled to demand said two per cent. for such stock by him obtained, and upon refusal of the defendant to discharge his claim in stock, the plaintiff would be entitled to recover of the defendant the value of the stock at the time of the demand."

Under the evidence in the case, we see no substantial objection to these instructions.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. Ryman*, for the appellant.

*D. D. Jones* and *H. Berry*, for the appellee.