Nov. Term,
1856.

THE NEW AL-
BANY & SALEM
RAILROAD CO.
v.
CALLOW.

---

THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.*
CALLOW.

A decision not excepted to below, cannot be assigned for error in this
  Court.
Where the evidence is not in the record, instructions given to the jury
  will be presumed to be proper to the case made, and those refused, to
  be irrelevant.
A bill of exceptions showing only a part of the evidence, is insufficient,
  unless it show a question reserved under section 347 of the practice
  act.
It is due to the lower Court to presume in its favor, unless the pleader
  shows it by the record to be clearly in error.
The Supreme Court will indulge in no presumption against the ruling
  of the inferior courts.

APPEAL from the *Tippecanoe* Court of Common Pleas.

STUART, J.—*Callow* sued the company for injuries received by the alleged carelessness of her agents operating the road. Demurrer to the complaint overruled. The cause went to trial by jury, and *Callow* had judgment for 225 dollars. Motion for a new trial overruled, and appeal.

1. The first error assigned is the overruling the demurrer to the complaint. As this ruling was not ex-

Nov. Term,
1856.

THE NEW AL-
BANY & SALEM
RAILROAD CO.
v.
CALLOW.

cepted to by the company, it is not available on error in this Court. *Zehnor* v. *Beard* at the present term (1).

2. The Court erred in sustaining the demurrer to the second and third paragraphs of the defendant's answer. This error is also unavailing for the same reason. The party did not except to the ruling at the time. *Zehnor* v. *Beard, supra.*

3. The third error assigned is to the instructions given and the fourth, to those refused. There is nothing in the instructions given manifestly wrong in itself under any state of facts. The evidence is not in the record. We therefore presume that those given were proper in the case made, and those refused irrelevant. Part of the evidence appears in the bill of exceptions; but the bill neither purports nor pretends to set out all the evidence. We cannot, therefore, notice those assignments. *Murray* v. *Fry,* 6 Ind. R. 371. It is due to the lower courts to presume in their favor, unless the pleader shows them by the record to be clearly in error. We will indulge in no presumption against the ruling of the lower courts.

It may be added, that the bill of exceptions containing part of the evidence, does not assume to reserve a question for this Court, under the 347th section of the practice act. 2 R. S. p. 116.

For the reasons above given, the fifth error assigned, overruling the motion for a new trial is unavailing. As the evidence is not in record we cannot determine the correctness of this ruling. This point has been decided so often, both under the old and new practice, that it would be needless to cite authorities. Every volume of our Reports is full of it.

It is due to the pleaders to say that they correctly wrote under the instructions in relation to which they differed with the ruling of the Court, "refused and excepted to," or "given and excepted to." This is in conformity to the statute. Exceptions thus taken are to be signed by the attorney as was done here. 2 R. S. p. 112. And they were correctly taken at the time the decision

was made. *Id.* p. 115. But either the evidence should have all been set out in the record; or a case should have been reserved under section 347, *supra.* *Starry* v. *Winning*, 7 Ind. R. 311. Such partial glimpses of the evidence are unavailing, unless made up under the direction of the Court, agreeably to section 347, *supra.*

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

·H. W. *Chase* and J. A. *Wilstach*, for the appellants.

G. S. *Orth* and J. A. *Stein*, for the appellee.

(1) *Ante*, 96.