WOOLLEY v. THE STATE.

If the evidence be not in the record, instructions given will be regarded as pertinent to the case made, unless clearly erroneous under any supposable state of facts; and instructions refused will, in that state of the record, be presumed to have been irrelevant.

APPEAL from the *Union* Court of Common Pleas.

*Friday,*
*January* 23,
1857.

STUART, J.—Information for common nuisance. *Woolley* was a licensed retailer of liquor under the act of *March*, 1853. The suit was commenced in *August*, 1854, and is therefore saved by the express provisions of the act of 1855. Laws of 1855, p. 222.—*Coleman* v. *Dobbins*, at the present term (1).—6 Ind. R. 444.

The information is based on the ninth section of that act, declaring, as at common law, that places for the retail of spirituous liquors, if kept in a disorderly manner are to be deemed common nuisances. Acts of 1853, p. 88. *Woolley* is charged with keeping a disorderly establishment, and maintaining it to the annoyance, disturbance and injury of the neighborhood. Trial by jury, and verdict of guilty. The defendant's motion in arrest of judgment was overruled; and judgment was rendered on the verdict. The evidence is not in the record.

The only thing presented by bill of exceptions is the instructions given and refused. We see nothing objectionable in the instructions given. They cover much of the ground embraced in those refused. In the absence of the evidence, we must presume, in favor of the Court below, that the instructions given were pertinent to the case made; and that those refused were irrelevant.

This Court has so often and so largely treated of the subject of instructions, given and refused, that it does not seem necessary to say more in relation to it. To go no further back than 1839, it was held that, in the absence of the evidence, the refusal of instructions will be presumed correct. 5 Blackf. 112.—*Id.* 210.—*Id.* 498. This rule has been adhered to ever since. 8 Blackf. 95.—2 Ind. R. 230. And see generally under the title "Instructions," 3 Ind. R. 612.—4 *id.* 679.—5 *id.* 597, 598.—6 *id.* 572 (2).

If an instruction given is clearly erroneous under any supposable state of facts, the Court will reverse the judgment, presuming that the jury were misled by it,—and that too whether the evidence be in the record or not. *Murray* v. *Fry*, 6 Ind. R. 371.

But as a general rule, in the absence of the evidence the presumption is in favor of the instructions. It is due to the lower courts that, in such a state of the record, we should presume their exposition of the law to be pertinent and applicable to the case made. Otherwise this Court would be constantly dealing in abstractions. Hence, at an early day, the Court adopted the ruling indicated, and adhered to it ever since. 1 Blackf. 244.—*Id.* 348, and the heading "Instructions," *supra.*

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test* and *N. Trusler*, for the appellant.

*J. W. Gordon*, for the State.

(1) *Ante,* 156.

(2) See, also, under the same title, 7 Ind. R. 747, 748, and the index of this volume.