GRIFFIN
v.
TEMPLETON.

*Wednesday,*
*December* 4.

17b 234
132 161

---

GRIFFIN *v.* TEMPLETON.

Where the deposition of a witness residing in a county adjoining to that in which a cause is pending, has been taken by agreement of the parties, it may be read in evidence on the trial, without showing any reason for the non-production of the witness.

The Supreme Court will presume in favor of the instructions of the Court below, where the evidence is not in the record, if in a supposable state of facts under the issues, they would have been correct.

*Wednesday,*
*December* 4.

APPEAL from the *Benton* Circuit Court.

HANNA, J.—Suit on note. Answer: 1. That the note was given for land, and that, as to a part of the same, there was a failure of consideration, in this, that the vendor had no title, &c. 2. Denial. 3. Partial failure of consideration, in this, that two acres were reserved for a grave yard, worth, &c., that plaintiff removed a fence, worth, &c.; that plaintiff represented that a certain fence, worth, &c. was on and belonged to said premises, when in fact it did not, and has been removed by the owner, &c.

Reply: 1. Denial. 2. Defendant accepted a deed with a reservation of said burial ground, &c. in full discharge of said contract, &c. of sale.

Trial; verdict and judgment for plaintiff, for $2,43?.58. <span>Nov. Term, 1861.</span>
The errors assigned relate to the rulings on the admission of evidence, and to the instructions.

GRIFFIN
v.
TEMPLETON.

The record shows that the deposition of a resident of a county adjoining *Benton*, taken by agreement of parties, was offered by the plaintiff, and, over the objection of the defendant, read in evidence. The ground of objection was, that the witness should have been produced. The statute is, that depositions may be taken, &c. and used on the trial in any action "in the following cases."

"*Firs'*. Where the witness does not reside in the county, or in a county adjoining the one in which the trial is to be held," &c.

"*Second*. When the deponent is aged," &c.

"*Third*. When the depositions have been taken by the agreement of parties," &c.

"*Fourth*. When the deponent is a state or county officer," &c.

"In either of the foregoing cases, the attendance of the witnesses can not be enforced." 2 R. S., § 250, p. 86.

It is insisted that this case falls within the first subdivision, above set forth, and that the attendance of the witness should have been enforced.

We are of opinion that this deposition falls within the third sub-division, and that the attendance of the witness could not be enforced; consequently, the party offering to read said deposition could not be required to first show any reason for the non-production of the witness in person. This view is strengthened by a subsequent section, as follows: "No deposition shall be read in evidence on the trial of a cause, if at the time the witness himself is produced in Court, unless the deposition has been taken by the agreement of the parties, or by the order of the Court." § 252.

As we construe this section, either party might have insisted upon this deposition being read, rather than that the witness should be examined, although he might have been in Court during the trial.

As to the ruling on instructions, the Court refused an instruction as asked, but gave it with a modification. The

evidence is not in the record, and as the charge is not in such form as to be erroneous, under a state of facts which might have been proved, within the issues, we can not pronounce it bad.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*D. Mace*, *J. S. Miller*, *D. P. Vinton*, and *J. Benedict*, for the appellant.

*H. W. Chase* and *J. A. Wilstach*, for the appellee.