————————o————————

### BARLOW *v.* THOMPSON ET AL.

INSTRUCTIONS TO JURY.—*Appeal.*—Where the evidence is not in the record, if upon any supposable state of facts the instructions given to the jury would be correct, the existence of such facts will be presumed by the Supreme Court on appeal.

CONTRACT.—*Construction of.*—On February 10th, 1869, a written contract was executed, whereby B. purchased of T. & T. certain water-wheels to be used in the mill of B., the latter to have the privilege of running the wheels thirty days, and if they did not work to his entire satisfaction, he had the right to return the same, at his mill, after such thirty days' trial, he notifying the vendors of his dissatisfaction; and in that case the latter were to pay freight and the expenses of putting in and taking out said wheels. The vendors also warranted the wheels to give the same power, under any head of water, as certain other wheels named, which warranty was to extend to September 1st, 1869.

*Held,* that the right to reject the wheels was limited to thirty days after commencing the use of them, and that it did not extend to the time of the expiration of the warranty.

From the Johnson Common Pleas.

*A. Major, S. Major, E. H. Davis,* and *C. Wright,* for appellant.

*B. F. Davis,* for appellees.

BUSKIRK, J.—This was an action by the appellees against the appellant upon a written contract, to recover the value of certain mill wheels sold by the appellees to the appellant.

The action originated in Shelby county, where the cause was tried by a jury, and resulted in a finding for the appellant. The court granted a new trial. Upon the application of the appellees, the venue was changed to the Johnson.

Common Pleas. In the latter court, upon the application of the appellant, the venue was changed from the regular judge of that court, and the Hon. H. C. Newcomb was appointed, and presided at the trial.

The case was again tried by a jury, and resulted in a finding for the appellees. The court overruled a motion for a new trial, and rendered judgment on the verdict.

The only valid error assigned is based upon the action of the court in overruling the motion for a new trial. All the other errors assigned constitute the reasons for a new trial, and are all embraced by that assignment of error.

The only questions discussed by counsel for appellant relate to the instructions given by the court of its own motion, and those asked by appellant and refused by the court.

The evidence is not in the record. The question therefore arises, whether, in the absence of the evidence, we can pass upon the instructions given and those refused. The instructions complained of placed a construction upon the written contract which was the foundation of the action. In *Murray* v. *Fry*, 6 Ind. 371, this court said: "When the evidence is not in the record, the court will go a great way to sustain the judgment of the circuit court. If, upon any probable state of facts, the instructions complained of would be correct, the existence of such facts will be presumed. But if the instructions are in themselves radically wrong, under any state of facts, directing the minds of the jury to an improper basis on which to place their verdict, it would be hazardous to presume that the jury had, notwithstanding such erroneous instructions, arrived at a correct conclusion."

The ruling in the above case has been adhered to in the following cases: *Eward* v. *The Lawrenceburgh, etc., R. R. Co.,* 7 Ind. 711; *The New Albany, etc., R. R. Co.* v. *Callow,* 8 Ind. 471; *Woolley* v. *The State,* 8 Ind. 502; *Jolly* v. *The Terre Haute, etc., Co.,* 9 Ind. 417; *Powell* v. *Pierce,* 11 Ind. 322; *Griffin* v. *Templeton,* 17 Ind. 234.

So far as the instructions undertake to place a construc-

tion upon the written contract, we can determine their correctness without the evidence being in the record. The contract sued upon was as follows:

" This article of agreement, made this 10th day of February, 1869, between J. M. and W. H. Thompson, of Edinburgh, Indiana, and Henry Barlow, of Shelby county, Indiana, witnesseth : That the said Thompsons agree to furnish to the said Barlow two forty-two-inch and one thirty-inch turbine water-wheels, on the cars at Columbus, Indiana, in the course of three or four days from this time, for which he is to pay them five hundred dollars for each of said large wheels, and four hundred dollars for the small one. One-half of the whole amount to be paid when the wheels are run thirty days, as hereinafter provided, and the other half sixty days thereafter. And the said Thompsons warrant the said wheels to work to the entire satisfaction of said Barlow, they to see that they are put in properly, at Barlow's expense, and he to take care of them. And if, at the expiration of thirty days from the time they are put in and run, they do not act to the entire satisfaction of the said Barlow, after running them thirty days, he may return them to us at his said mill, he notifying us thereof, and we are to pay freights paid by him on them, and the expense of putting them in and taking them out.

The said wheels are warranted to give the same power under any head of water as the Leffel wheel. This warranty and agreement is to run to the 1st day of September, 1869.

" J. M. & W. H. THOMPSON.

" H. BARLOW."

The appellant answered in two paragraphs: 1st. The general denial. 2d. A breach of the warranties contained in the agreement was set up as a defence to the action.

The second paragraph did not allege an offer to rescind the contract and return the wheels after thirty days' trial thereof. There was also a cross complaint, which contained the same averments as the second paragraph of the answer, with the additional averments that after thirty days' trial of

the wheels, if they did not work or operate to the satisfaction of the appellant, then appellant might return said wheels to the appellees, at his mill, and that he notified the appellees of his intention to rescind the contract, and required them to take them away, and pay freights and expenses, as provided in said contract; that upon receiving such notice the appellees requested another trial of the wheels, which was had; and upon their failure to perform to the satisfaction of appellant, and as warranted, he abandoned the wheels to the appellees, of which they had notice; that he had paid seven hundred dollars on said contract; for which, and a thousand dollars damages, a judgment was demanded.

The second instruction is the one that places a construction upon the contract. The court, after stating the substance of the agreement sued on, and the defences relied upon by the defendant, proceeds as follows: "The question has been discussed before you by counsel, as to the proper construction of this part of the contract; for the plaintiffs, it is insisted that the notice of dissatisfaction and offer to redeliver must have been given by defendant on the expiration of the thirty days' trial of the wheels, and not afterward; while defendant's counsel claim that by another provision of the contract it was sufficient to give such notice and make such offer at any time prior to September 1st, 1869. It is for the court to settle this disputed question of construction, by the language of the contract; and my conclusion is, that the option given the defendant to return the wheels to plaintiffs, in case they did not act to his satisfaction, must have been exercised as soon as he had run the wheels thirty days; and that he must have given notice to the plaintiffs as soon after the expiration of said thirty days as it could reasonably be done, considering the proximity of the residences of the respective parties. It does not seem to me that the contract will bear any other reasonable construction. It provides that one-half the whole amount of the price of the three wheels shall be paid 'when the wheels are run thirty days, as hereinafter provided, and the other half sixty

days thereafter.' The hereinafter provision is, that if, at the expiration of thirty days from the time they are put in and run, they do not act to the entire satisfaction of said Barlow, after running them thirty days, he may return them, etc. It seems to have been the intention of the parties that if, at the expiration of the thirty days' trial, Barlow should be dissatisfied with the wheels, for any reason, he should notify the plaintiffs of such dissatisfaction, return the wheels at his mill, or offer to return them, and that the plaintiffs should receive them back, and Barlow should pay nothing, and be entitled to receive from plaintiffs the freight paid by him and the expense of putting in and taking out the wheels. What is said about the warranty and agreement extending to September 1st, 1869, has reference solely to the warranty as to the power of the wheels sold to defendant, in comparison with the Leffel wheel. Unless, therefore, you find from the evidence that the defendant determined, at the expiration of a trial of thirty days' running of said wheels, that they did not act to his entire satisfaction, and that he gave the plaintiffs notice thereof within such reasonable period thereafter as I have heretofore defined, your finding on this branch of the case must be for the plaintiffs."

The instructions asked by the appellant, and refused by the court, were the exact opposite of those given, and it is therefore, not necessary to set them out.

It is very plain to us that the construction placed upon the contract was correct. We do not think it was susceptible of any other reasonable construction. The matter is stated so clearly, aptly, and forcibly by the court below, that we do not deem it necessary to add to what was so well said in the instructions given.

The judgment is affirmed, with costs.