Smathers *v.* The State.

------

## SMATHERS *v.* THE STATE.

INSTRUCTIONS TO JURY.—*Evidence.*—Where the evidence is not in the record, but instructions are shown to have been given to the jury that are clearly erroneous under any supposable state of facts, the judgment will be reversed.

SAME.—*Criminal Law.*—*Larceny.*—*Possession of Stolen Goods.*—On a trial for larceny, where the possession by the prisoner of the property alleged to have been stolen has been proved by the State as a circumstance to establish guilt, it is error for the court to assume, in its charge to the jury, that such property was stolen, and then to charge that its possession by the defendant in a short time thereafter raised a presumption that he stole it, which if not explained by him would authorize the jury to find a verdict of guilty.

POSSESSION OF STOLEN GOODS.—*Evidence.*—A party in possession of personal property is presumed to be the owner; but when it is proved that the property

has been stolen, and it is found, recently after the larceny, in the exclusive possession of another, the law imposes upon such person the burden of accounting for his possession, and if he fails to satisfactorily account for such possession or gives a false account, the presumption arises that he is the thief. Such possession may be explained, either by direct evidence or the attending circumstances, or by the character and habits of life of the possessor, or otherwise, but if not explained in some one of these modes, the evidence of guilt is deemed conclusive.

From the Wayne Criminal Circuit Court.

*H. C. Fox,* for appellant.

*J. C. Denny,* Attorney General, for the State.

BUSKIRK, J.—The appellant was convicted in the court below of the crime of larceny. The indictment charged the stealing of sundry articles of wearing apparel and a satchel. The court overruled a motion for a new trial, and rendered judgment on the verdict.

The appellant has assigned for error the overruling of the motion for a new trial. The evidence is not in the record. The only error relied upon for a reversal of the judgment is the giving of the third and fourth instructions. It is contended by counsel for appellant that such instructions are clearly erroneous under any supposable state of facts, and that in such case this court will reverse the judgment, presuming that the jury was misled thereby, and that too whether the evidence is in the record or not.

Such seems to be the settled rule of practice in this court. *Murray* v. *Fry,* 6 Ind. 371; *Eward* v. *The Lawrenceburgh, etc., Railroad Co.,* 7 Ind. 711; *Woolley* v. *The State,* 8 Ind. 502; *The New Albany, etc., Railroad Co.* v. *Callow,* 8 Ind. 471; *Jolly* v. *The Terre Haute, etc., Co.,* 9 Ind. 417; *Ruffing* v. *Tilton,* 12 Ind. 259.

We proceed to consider the instructions complained of, with the view of determining whether they are erroneous under any supposable state of evidence. The third instruction is as follows:

" 3. If the property stolen, or a portion of it, was found in the possession of the defendant in a short time after the

larceny was perpetrated, it would raise a presumption that the defendant stole the property; but the strength of the presumption which it raises against the accused depends upon all the circumstances surrounding the case. The presumption of guilt may be overcome by the accused, by evidence that raises a reasonable doubt that he came by it as charged; but if the possession of the stolen property, on the day or the day following the perpetration of the larceny, is not explained by the defendant, you might, in your discretion, find the defendant guilty as charged."

The objection urged to the above instruction is, that it assumes that the property had been stolen. A defendant is presumed to be innocent, until the contrary is proved. Sec. 104 of the criminal code, 2 G. & H. 415. A person in the possession of personal property is presumed to be the owner and rightfully in its possession; but when it is proved that property has been stolen, and the same property, recently after the larceny, is found in the exclusive possession of another, the law imposes upon such person the burden of accounting for his possession; and if he fails to satisfactorily account for such possession, or gives a false account, the presumption arises that such person is the thief. But the burden of accounting for the possession of property is never imposed until it has been shown that the property has been stolen; and the presumption of guilt from possession does not arise, unless the person is required and fails to satisfactorily account for his possession of such property. The jury were required in the first place to determine whether there had been a larceny of the goods or a portion of the goods described in the indictment; and if they found that a larceny had been committed, then they were required to determine whether the person charged in the indictment was guilty. The possession of the goods by the accused raised no presumption of a larceny, but the larceny being proved by other evidence, the possession by the accused imposed upon him the duty of showing how he came by the goods,

and his inability to show that he came by them honestly raised the presumption that he was the thief. The jury had no right to assume that a larceny had been perpetrated, but were required to so find from the evidence. The court, in charging the jury, had no right to assume that a fact existed which the jury were required to find from the evidence. *Conaway* v. *Shelton*, 3 Ind. 334; *Ball* v. *Cox*, 7 Ind. 453; *The Cincinnati, etc., Railroad Co.* v. *Clarkson*, 7 Ind. 595; *Hackleman* v. *Moat*, 4 Blackf. 164; *Reynolds* v. *Cox*, 11 Ind. 262; *Swank* v. *Nichols' Adm'r*, 24 Ind. 199; *The Jeffersonville Railroad Co.* v. *Swift*, 26 Ind. 459.

The court should have charged the jury that if they found from the evidence that the goods described in the indictment, or some portion of them, had been stolen, and that such stolen property had been found in the exclusive possession of the defendant within a short time after the larceny was perpetrated, such possession imposed upon the defendant the duty and burden of explaining his possession; and if he has failed to satisfactorily account as to how he came by the stolen property, or has given a false account of how he came into possession of such stolen property, the law presumes that the defendant stole such property, and this presumption was strong enough to justify them in finding the defendant guilty.

In our opinion, the instruction was erroneous in three particulars:

1. It assumed that the property had been stolen.

2. The jury were told that the possession of the property by the defendant, within a short time after the larceny had been perpetrated, raised the presumption that the defendant had stolen the property, when the jury should have been told that the failure of the defendant to satisfactorily account as to how he came into possession of such stolen property raised the presumption that he had stolen the property.

3. The jury were told " that if the possession of the stolen property, on the day or the day following the perpetration of the larceny, is not explained by the defendant,

you might, in your discretion, find the defendant guilty as charged."

If the jury found from the evidence that the property described in the indictment, or some portion of it, had been stolen, and that such stolen property was, on the day of the perpetration of such larceny or the day following, found in the exclusive possession of the defendant, who had failed to satisfactorily account as to how he had come into possession, or who had given a false account of his possession, the imperative duty of the jury was to find the defendant guilty, unless such possession was explained by the attending circumstances, or unless the character or habits of life of the possessor, or otherwise, raised a reasonable doubt in the mind of the jury of the guilt of the accused. Greenleaf says: "As men generally own the personal property they possess, proof of possession is presumptive proof of ownership. But possession of the fruits of crime recently after its commission is *prima facie* evidence of guilty possession; and if unexplained either by direct evidence, or by the attending circumstances, or by the character and habits of life of the possessor, or otherwise, it is taken as conclusive. This rule of presumption is not confined to the case of theft, but is applied to all cases of crime, even the highest and most penal." 1 Greenleaf Ev. 39, sec. 34. That is, that the recent and exclusive possession of stolen property, unexplained in some of the modes above pointed out, becomes conclusive. In such case, the jury has no discretion, but must convict.

The fourth instruction was in these words:

" 4. If you find from the evidence that the stolen property was found in a house or stable which did not belong to the accused, and over which he had no control, and find no actual possession, by the defendant, of the property, this fact would not be sufficient to raise the presumption of guilt; but if you find that the accused visited the house or stable wherein the stolen goods where found, about the time or soon after the property was found, and examined the place where they had been concealed, this would be a proper cir-

cumstance for you to take into consideration with the other facts of the case, in determining upon the guilt or innocence of the accused."

This instruction, like the third, assumed that the goods in question had been stolen, and for this reason was erroneous.

In *Turbeville* v. *The State*, 42 Ind. 490, this court said: " It is well settled by elementary writers on criminal law and many adjudged cases, that the possession of stolen property, to be sufficient to put a party in whose possession it was found upon his defence, must be both recent and exclusive." The court, after reviewing the authorities, uses this language: " The evidence having shown that the possession was not exclusively in the appellant, no presumption could be indulged against him, nor was he required to satisfactorily account for the presence of the goods in the place where they were found."

It results, that if the house or stable, where the goods in the present case were found, did not belong to the appellant, and was not under his exclusive control, he was not required to account for the presence of the goods where they were found, and no presumption from possession could be indulged against him.

The appellant might have visited and examined the place where the goods were concealed, in such a manner and under such circumstances as to make the latter clause of the above instruction correct, and in the absence of the evidence we are bound to presume that the instruction was applicable to the facts proved.

If the appellant visited and examined the place where the goods were concealed, in a secret and clandestine manner, it was a proper circumstance to be considered by the jury, as tending to show his connection with the larceny, not upon the ground that the goods were in his possession, but upon the ground that his knowledge of the place of concealment raised a presumption that he was guilty of the larceny of such goods. The appellant might have visited and examined the place of concealment in such a manner and under

such circumstances as would have created no presumption against him, but, in the absence of the evidence, we cannot indulge any presumption unfavorable to the action of the court below, where the action could be correct in any supposable state of facts.

For the errors pointed out in the instruction given, the judgment must be reversed.

The judgment is reversed, with costs; and the clerk is directed to immediately certify this opinion to the court below, and to issue his order to the warden of the state prison for the return of the prisoner to the jail of Wayne county, for a new trial, in accordance with this opinion.