## OVERLIN *v.* KRONENBERGER ET AL.

NEW TRIAL.—*Supreme Court.—Record.—Evidence.*—Where the evidence is not
in the record, the Supreme Court will not consider the question whether
the verdict is contrary to law, or the question whether it is contrary to
the evidence.

INSTRUCTIONS TO JURY.—*Record.—Exceptions.*—Where an instruction has
been given to the jury at the request of a party, and has been signed by
his attorney, and an exception thereto has been duly noted on the margin
and signed by the attorney of the adverse party, or where it has been
given by the court of its own motion, and has been signed by the judge,
and an exception thereto has been noted on the margin and signed by
the attorney of the party excepting, it need not be incorporated in a bill
of exceptions, to constitute it a part of the record.

SAME.—*Evidence.*—Where the evidence is not in the record, an instruction
to the jury, which may have been correct or harmless taken in connection
with the evidence, will not be considered by the Supreme Court.

From the Vanderburgh Circuit Court.

*S. R. Hornbrook,* for appellant.

*C. Denby* and *D. B. Kumler,* for appellees.

DOWNEY, J.—The appellees sued the appellant before a
justice of the peace, alleging in their complaint, that on the
16th day of June, 1873, the plaintiffs, being livery men, hired
to the defendant, at his special instance and request, a mare,
to be by the defendant driven to the town of Eureka, in Spencer
county, Indiana, and back to Evansville, and to be returned to
the plaintiffs in good order and condition on the 17th day of
June, 1873; and they say, that at the time the said mare was
so let to him she was in good condition and was free from
disease, and in all respects suitable and proper for said use;
that the said defendant so negligently, carelessly, and improp-

erly managed, drove, and kept said mare, that by reason of his negligence, carelessness, and bad treatment of said mare, she became and was sick, lame, blind, and disordered, whereby the plaintiffs have been damaged in the sum of one hundred and seventy-five dollars, for which they demand judgment.

Judgment having been rendered against the defendant before the justice of the peace, he appealed to the circuit court, where there was a trial by jury, and a verdict and judgment as before the justice of the peace, a new trial having been asked by the defendant and denied by the court.

The overruling of the motion for a new trial is the only error properly alleged. The causes for a new trial are the following:

1. The verdict of the jury is contrary to law.

2. The verdict is contrary to the evidence.

3. The court erred in giving instruction number 5.

4. Error of the court in giving instruction number 2, asked by the plaintiffs.

The evidence is not in the record, and it is therefore clear that we can not consider the first and second causes alleged.

It is urged by counsel for the appellees, that the instructions to which objection is made are not properly in the record, because there is no bill of exceptions. We can not assent to this.

Instruction number 2, mentioned in the motion for a new trial, was given at the instance of the plaintiffs, was signed by counsel for plaintiffs, and the exception thereto was duly noted on the margin and signed by counsel for the defendant.

Charge number 5, referred to in the motion, is one of a series of instructions given by the court on its own motion; it is signed by the judge, and the exception thereto is noted as in the case of the other. The instructions are thus properly in the record, and the exception thereto sufficient. *Etter* v. *Armstrong*, 46 Ind. 197 ; *The J., M. & I. R. R. Co.* v. *Vancant,* 40 Ind. 233 ; *The J., M. & I. R. R. Co.* v. *Cox,* 37 Ind. 325, and cases cited.

We do not deem it necessary to set out the instructions

mentioned, for the reason that in the absence of the evidence we can not say that any error was committed in giving them. They may have been correct or harmless, taken in connection with the evidence.

The judgment is affirmed, with costs.