NOVEMBER TERM, 1875.     219

McKinney *et al. v.* The Shaw and Lippencott Manufacturing Co.

---

McKINNEY ET AL. *v.* THE SHAW AND LIPPENCOTT MAN-
UFACTURING CO.

BILL OF EXCEPTIONS.—*Objection to Evidence.* — An objection to evidence admitted cannot lbe made available on appeal, where it is not shown by bill of exceptions what was the evidence, what the ground of objection, or that an exception was taken at the time.

SAME.—*Objection to Witness.*—An objection to a witness cannot be made available on appeal, when it does not appear by bill of exceptions what objection was made to him, or that an exception was taken at the time.

SAME.—*Evidence.—Instructions to Jury.*—Where the evidence is not in the record, the Supreme Court will presume in favor of the rulings of the court below in giving or refusing to give instructions to the jury, where such rulings would not be wrong under all evidence admissible.

PRACTICE.—*Objections and Exceptions.*— The excluding of offered evidence, the reading of law to the jury, or the conduct of counsel in argument will not be noticed by the Supreme Court, where the question is not reserved by objection made and pointed out and exception taken at the time.

From the Delaware Circuit Court.

*J. N. Temple* and *R. S. Gregory,* for appellants.

*W. March,* for appellee.

BIDDLE, C. J. — Suit on a promissory note, made by the appellants, twenty-nine in number, payable to M. Wheeler Kennedy, or order, and endorsed by her to the appellee.

Several paragraphs of answer were filed, upon which rulings on demurrer were had, and exceptions taken, but they are not assigned as error, and therefore not before us. Issues of fact were formed, trial by jury had, and a general verdict for appellee, with several answers to special interrogatories.

Judgment, over a motion for a new trial overruled, exception and appeal.

The bill of exceptions purports, at the beginning, to set out all the evidence given in the case; but it does not contain the note sued on. All it says about the note is: "Note read in evidence, over defendants' objection;" but what note it was,' or what objection was made to it, does not appear, nor were there any exceptions taken at the time.

The bill of exceptions also states: "Phil. A. B. Kennedy admitted as witness over objection;" but the objection is not shown to us, nor was there any exception taken at the time. Afterwards, and near the close of the bill, it is stated that, "during and upon the said trial, the plaintiff offered to swear one Philip A. B. Kennedy, who was the husband of Mrs. Wheeler Kennedy, the original payee and endorser of the note in suit, to which the defendants at the time objected, which objection the court overruled, and the said Philip A. B. Kennedy was then and there by the plaintiff examined as a witness, to which overruling of said objection the defendant at the time excepted."

This statement simply shows an objection to the offer to swear the said Philip, and recites that Philip was the husband of the payee, but does not state that that was the objection made against the witness to the court. Besides, the bill shows that at the time Philip testified objections were made, but no exceptions at the time were taken.

What interest the wife had in this suit, to which she was not a party, although she was the payee of the note, does not appear; but, assuming that Philip was was an incompetent witness in the case, which we do not decide, all that is shown by the bill of exceptions on this point might be true, and yet no error be committed.

Exceptions were taken to the giving and refusing of certain instructions; but as the evidence is not before us, and the giving and refusing are not wrong under all circumstances, we must presume they were right in this case.

The general verdict was for the appellee, and the special

findings are not inconsistent with it, but, as we think, strongly in its support.

Various points are made by the appellants in their brief—such as offering the notarial certificate in evidence, notice of protest, to prove certain facts, the note in evidence at a given time, and objecting to law being read to the jury, and to the conduct of the counsel in the closing argument—none of which are properly secured below by objections made and pointed out, and exceptions taken at the time, and therefore cannot be noticed here.

The judgment is affirmed.