Helton v. Martin.

---

## HELTON v. MARTIN.

STATUTE OF LIMITATIONS.—*Recovery of Possession of Real Estate.*—To a complaint for the recovery of the possession of real estate on the ground that a deed of conveyance thereof, executed by the plaintiff to the defendant, was intended as a mortgage, and that the debt secured thereby has been paid, an answer of the statute of limitation of six years is bad.

BILL OF EXCEPTIONS.—*Filing.*—Where time has been given in which to file a bill of exceptions, the record must show that it was filed in time.

AME.—*Evidence.—Instructions to Jury.*—Where the evidence is not properly in the record, the Supreme Court will not consider the evidence, or instructions given to the jury with reference to the evidence, unless they are injurious to the party complaining of them under any state of the evidence admissible.

From the Morgan Circuit Court.

*S. Claypool, J. L. Mitchell, W. A. Ketcham, J. C. Robinson, F. P. A. Phelps, M. H. Parks* and *A. M. Cunning,* for appellant.

*W. R. Harrison* and *W. S. Shirley,* for appellee.

PETTIT, J.—This suit was brought by the appellee, John Martin, and Melissa Martin, his wife, against the appellant, Wallace W. Helton, for the possession of lands and damages for the use and occupation thereof. The complaint was in four paragraphs.

The first was in the usual and proper form in such actions.

VOL. LII.—34

The second was struck out on motion, and no question is raised as to it.

The third and fourth are, to and in all legal intent and purpose, substantially alike, and allege that the plaintiffs, in form, deeded the lands to the defendant, but that the deed was in fact a mortgage to secure the defendant in and for the payment of some debts of the plaintiff John Martin, and that the use and occupation, rents and profits received by the defendant largely exceeded the debts which he was to and had paid, and asking that the deed in form should be decreed to be a mortgage, and that it be decreed satisfied, for possession of the lands, and for judgment for the amount or value of the rents over and above the debts of the plaintiff John, paid by the defendant.    In these paragraphs there are allegations of fraud, deception, influence, cunning and shrewdness on the part of the defendant, and of youth and weakness of mind on the part of the plaintiff John ; but we do not think that they in any manner affect or change the substance or purpose of these paragraphs of the complaint.    By consent, the wife had a decree in her favor and judgment for costs, and thus went out of the case.

The defendant answered in two paragraphs:

1.  General denial.

2.  As to the fourth paragraph of the complaint, that the cause of action arose more than six years before the commencement of the action.

To the second paragraph of the answer there was a reply in two paragraphs:

1.  A general denial.

2.  Concealment of the facts.

To the second paragraph of the reply there was a demurrer, for want of sufficient facts, overruled, and we hold correctly.    No matter whether good or bad in itself, it was good enough for a bad answer.    In such a case as this, a plea of the statute of limitation of six years is not good. *Vanduyn* v. *Hepner*, 45 Ind. 589–598.

Another reason why there was no error in overruling the

demurrer to the second paragraph of the reply, which was to the second paragraph of the answer pleaded to the fourth paragraph of the complaint only, is, that the third paragraph of the complaint was, in substance, the same as the fourth, and all evidence that could be given under one could be given under the other; and therefore, if the answer was good as to the fourth paragraph of the complaint, there could be no reason for a reversal on account of the over-ruling of the demurrer to the reply.

It is claimed that the evidence is not sufficient to sustain the verdict, and that the instructions given thereon are erroneous.

At the rendition of the judgment, thirty days were given in which to file bills of exceptions. The record does not show that the bill of exceptions containing the evidence was filed in time, or that it was ever filed. We can not, there-fore, consider the evidence or the instructions given on or with reference to it, if they were not injurious to the defend-ant in any state of the evidence that might have been given, which is not the case here.

The judgment is affirmed, at the costs of the appellant, with five per cent. damages.

BUSKIRK, J., having been engaged in a cause involving the same interests, between the same parties, was absent.

Petition for a rehearing overruled.