---

# NEWBY v. ROGERS.

PLEADING.—*Contract.—Performance.*—The complaint for a breach of contract need not allege full performance by the plaintiff, where it alleges that such performance was prevented by the act of the defendant.

SAME.—Where sale is made of a certain amount of unidentified personal property, to be of a specified kind and quality, an averment of the tender of such amount, kind and quality to the defendant by the plaintiff, in an action for breach of such contract of sale, is sufficient.

SAME.—*Demurrer.*—*Defect in Verification of a Pleading.*—A defect in the verification of a good answer of *non est factum* is not reached by a demurrer to such answer.

PRACTICE.—*Supreme Court.*—*Evidence.*—Where, on appeal, only part of the evidence given on the trial of a cause is in the record, and such part is competent under the issues, the supreme court will presume in favor of the record.

SAME.—*Instructions to Jury.*—Where instructions given to the jury trying a cause are right in themselves and the evidence is not in the record, the supreme court will presume that the evidence given corresponded with such instructions.

From the Hancock Circuit Court.

*D. W. Chambers, E. Saint* and *W. March,* for appellant.

*Brown & Brown, M. E. Forkner* and *E. H. Bundy,* for appellee.

BIDDLE, J.—This is the case of *Newby* v. *Rogers,* 40 Ind. 9, wherein the law governing it was essentially settled. Upon its remandment by that decision, the appellee withdrew all the paragraphs of his complaint except the eighth and ninth, upon which the case now stands. To these paragraphs the appellant filed separate demurrers, alleging as ground the insufficiency of the facts stated. The demurrers were overruled and exceptions taken; whereupon the appellant answered,—

1. General denial, and filed his counter-claim in paragraphs second, third and fourth.

To these paragraphs of counter-claim, demurrers, alleging a want of facts averred, were sustained, and exceptions reserved.

The venue was then changed to the Hancock circuit court, wherein, over the objections of the appellant, the appellee was allowed to withdraw his demurrers to the second, third and fourth paragraphs of counter-claim, and to reply thereto, to all of which the appellant excepted. The appellee then answered to the several paragraphs of counter-claim. 1. General denial; and to the fourth paragraph, which sets up the paper purporting to be signed by the appellee, a denial of its execution under

oath, to which a demurrer, alleging the insufficiency of the facts stated, was overruled, and exceptions taken by appellant. Upon the issues thus joined, a trial by jury was had, a verdict found for appellee, and, over a motion for a new trial, and exceptions, a judgment rendered on the verdict, from which this appeal is taken.

We do not state the alleged causes for a new trial, nor the assignment of errors, as we shall examine the questions arising in the case as they are discussed by the appellant in his brief.

First. The appellant objects to the sufficiency of the ninth paragraph of the complaint, because it contains " no averment that the plaintiff had the hogs ready for delivery from the 15th to the 28th of November, 1870;" but it avers that the appellee tendered the hogs on the 23d of the same month and year, and informed the appellant that they would be ready for him at any time up to the 28th of said month, and that appellee refused to receive the hogs, stating " that he would not take them at any time or place." This averment is sufficient, and was so held in the former decision of this case.

Second. That there is no averment that the hogs tendered " were the same hogs stated as sold in the previous portion of the paragraph." There was no statement in the paragraph of identified, individual hogs sold, but " twenty-five head of hogs, to average two hundred and seventy-five pounds," and the tender averred shows that they were such hogs. This is sufficient.

Third. That the demurrer should have been sustained to the second paragraph of the answer to the fourth paragraph of the counter-claim, because the verification is wholly insufficient. Such an objection, if it existed, can not be reached by demurrer. The affidavit to a pleading forms no part of the averments in the pleading itself. Such a defect would raise only a question of evidence when the paper was offered under the pleading. This answer to the fourth paragraph of the counter-claim was

good as an answer denying the execution of the paper; but it is quite immaterial in this court how the court below disposed of it:—it was only a partial denial of what had been already wholly denied. Besides, admitting the insufficiency of the affidavit, it was not an error of which the appellant could complain. It would relieve him from proving the execution of the paper, if he offered it in evidence, and, as to that, would be in his favor.

Fourth, Fifth, Sixth, Seventh, Eighth and Ninth. The points made by appellant, and numbered as above, all concern evidence permitted to go to the jury, over the appellant's objection; but, as the evidence is not all before us, and that admitted is clearly within the issues, and as it is nowhere shown, in reference to other evidence, that it was improperly admitted, we must presume in favor of the record.

Tenth. The appellant insists that certain instructions were improperly given to the jury, over his objections. The instructions are not, nor is it contended that they are, wrong in themselves; we must therefore presume, as the evidence is not in the record, that they were properly given. If, under any supposable state of evidence within the issues, the instructions given could have been proper, it will be presumed,—the evidence not being in the record, —that such evidence was given. *The Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *Barlow* v. *Thompson,* 46 Ind. 384; *Overlin* v. *Kronenberger,* 50 Ind. 365; *McKinney* v. *The Shaw, etc., Manufacturing Co.,* 51 Ind. 219; *Helton* v. *Martin,* 52 Ind. 529.

These are all the questions discussed by the appellant in his brief. He has not shown us any error in the record.

The judgment is affirmed, with costs.