other property sufficient to satisfy the debt cannot be found.

On the second clause of the section there is no issue in the record. If there is evidence tending to show that *McClain's* messuage was sold, it must be disregarded as irrelevant. The pleadings make no direct issue on the sale of the messuage.

The evidence tends to make such a case, under the third issue on the first clause of the section, that even if we were dissatisfied with the finding, we should not feel at liberty to disturb it. It is a question on the we'ght of evidence, which will not be scrutinized very closely.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the State.

*J. S. Harvey*, *H. C. Newcomb* and *J. S. Miller*, for the appellee.

---

## JARVIS *v.* STRONG.

A demurrer for causes, and in terms, not authorized by the practice act, cannot be sustained.

The bill of exceptions in this case closed by stating that "the above were the rough minutes of the Court, including the material points of the evidence." *Held*, that this is not sufficient under the 30th rule. The bill must in terms purport to contain all the evidence given in the case.

Where the evidence is not in the record, this Court will presume that instructions given by the Court below were pertinent to the case made, unless they are clearly erroneous under any state of facts.

*Saturday, December 6.*

APPEAL from the *Union* Court of Common Pleas.

STUART, J.—In this case several errors are assigned.

1. In overruling a demurrer to a paragraph of the answer.

The demurrer was for causes, and in terms, not au-

thorized by the practice act, and was correctly over-  <span style="float:right">Nov. Term,</span>
ruled.  *Lane* v. *The State*, 7 Ind. R. 426.               <span style="float:right">1856.</span>

2. In overruling a motion for a new trial.

The bill of exceptions closes thus: that "the above  Laybrook.
were the rough minutes of the Court, including the
material points of the evidence." This is not sufficient
under the 30th rule.    The bill must in terms purport to
contain all the evidence given in the cause.

3. Several instructions given are complained of.    But
as the evidence is not in the record, we will presume in
favor of the Court below, that they were pertinent to
the case made.    And they might, under very easily sup-
posed cases, have been good law.

*Murray* v. *Fry*, 6 Ind. R. 351, and *Ball* v. *Cox*, 7 *id.*
453, show under what circumstances the Court will look
into the instructions.    If they are clearly erroneous un-
der any state of facts, the cause should be reversed even
when the evidence is not in the record.

*Per Curiam.*—The judgment is affirmed with costs.

*G. W. Julian,* for the appellant.

*J. Yaryan* and *J. F. Gardner,* for the appellee.

---

## CULLEY *v.* LAYBROOK.

The amount stated in the conclusion of the declaration or complaint,
  must be considered the limit of the plaintiff's demand.

A motion to dismiss cannot be sustained on the ground that the sums of
  money claimed in the several counts added together make an amount
  to which the jurisdiction of the Court does not extend, if the amount
  claimed in the general conclusion is within the jurisdiction.

*Aliter,* in the absence of such general conclusion.

A non-resident may file his bond for costs in open Court, within such
  time as the Court shall deem reasonable; and such bond, though filed
  after verdict, is valid.