## PETERSON *v.* McCULLOUGH.

| 50 | 35 |
| 146 | 539 |

PRACTICE.—*Supreme Court.*—In the absence of a bill of exceptions containing the evidence, the overruling of a motion for a new trial on the ground that the verdict is not sustained by the evidence, that it is contrary to the law or the evidence, or that evidence was excluded, cannot be considered.

VENDOR AND PURCHASER.—*Easement.*—In a suit for the purchase-money of real estate, a claim for a deduction on the ground of the real estate's

being subject to a right in the Wabash and Erie Canal Co. to flow a part of the land with water, cannot be sustained, if it is shown that the overflow was caused by the giving or wearing away of certain banks that once confined the water, that the purchaser knew this at the time of his purchase, and that there was no right or title in the canal company to overflow the land except such as resulted from its neglect to repair the banks, and that the company never claimed any title.

PRESCRIPTION.—To acquire a right by prescription, there must be an actual enjoyment, and only that which is possessed can be so acquired. In proving a prescription, the use of the right is the only evidence of the extent to which it has been acquired.

SAME.—The use and enjoyment of what is claimed by prescription must have been adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate in, over, or out of which the easement prescribed for is claimed, and while such owner was able, in law, to assert and enforce his rights, and to resist such adverse claim if not well founded; and it must moreover be of something which one party could have granted to the other.

From the Cass Circuit Court.

*D. P. Baldwin* and *I. S. Rollins,* for appellant.

*M. Winfield,* for appellee.

DOWNEY, J.—The appellant sued the appellee, to foreclose a mortgage, executed by him to her, on certain real estate, to secure the payment of certain promissory notes, the mortgage and notes being dated August 27th, 1868. The defendant answered, setting up that the notes were given for the purchase-money of the real estate; that the real estate was conveyed by a warranty deed, and that the land was encumbered by a right in the Wabash and Erie Canal Company to overflow forty acres of the land, and claiming a deduction from the amount of the notes for that reason.

The plaintiff replied by a general denial, and also alleged, in a second paragraph, that the incumbrance was known to the defendant, and that he obtained a diminution of the price on account of its existence.

The trial was by a jury, and there was a general verdict for the plaintiff, and also answers to interrogatories propounded to the jury by each party. The general verdict was for the amount of the notes, minus the amount of damage sustained

by the defendant on account of the incumbrance. The special findings were as follows :

For the plaintiff:

" 1. When the canal was built, was not overflowage of the land in suit prevented by a berme bank ? and did not said canal company, from time to time, repair the same ?

" Ans. No.

" 2. Do you find that there was any other title to overflow the land in controversy ever acquired by the canal than such as might result from failing to repair said berme bank, and the gradual wasting away of the same by the waters ?

"Ans. No.

" 3. Was not a portion of said bank remaining within less than ten years before August 27th, 1868 ?

"Ans. Yes.

" 4. Did not the canal repair said berme bank within twenty years prior to August 27th, 1868 ?

"Ans. No.

" 5. Had Peterson any knowledge of said overflowage prior to August 27th, 1868 ?

"Ans. Yes.

" 6. Do you find that the canal, prior to August 27th, 1868, ever claimed any title or right to overflow said land ?

"Ans. No evidence.

" 7. What amount do you find upon the note due August 27th, 1871 ?

"Ans. Four hundred and forty-one dollars and eighty-seven and a half cents.

" 8. What amount do you find due upon the note due August 27th, 1872 ?

"Ans. Four hundred and forty-one dollars and eighty-seven and a half cents."

For defendant :

" 1. Did the plaintiff convey the lands in question to the defendant by a warranty deed ?

"Ans. Yes.

" 2. Had the canal company, at the time of the sale of the

lands, acquired the right by limitation to overflow a portion of said lands?

"Ans. Yes.

" 3. Was there at the time of the sale a parol agreement between the defendant, McCullough, and D. P. Baldwin, the agent of the plaintiff, that the right of the canal company to overflow said lands should be excepted from the terms of the warranty?

"Ans. No.

" 4. Did the plaintiff or D. P. Baldwin, her agent, inform the defendant, at the time of the sale or at any time before the sale, that the canal company had the right to overflow said lands?

"Ans. No.

" 5. How much of the land is overflowed and destroyed by the canal company?

"Ans. Twenty acres.

" 6. How much would the land overflowed be worth per acre, if not overflowed, in August, 1868?

"Ans. Forty dollars per acre.

" 7. How much was that portion of said land overflowed worth in August, 1868?

"Ans. Not anything.

" 8. Does the exercise of the right of the canal company to overflow said land render that portion not overflowed unhealthy?

"Ans. Yes, it does.

" 9. How much is due the plaintiff on her two notes and mortgage?

"Ans. Eight hundred and eighty-three dollars and seventy-five cents.

" 10. How much has the defendant been damaged in consequence of the existence of said incumbrance?

"Ans. Five hundred and seventy-three dollars and thirty-three and a third cents.

" 11. Do you find for the plaintiff or the defendant?

"Ans. For plaintiff; three hundred and ten dollars and forty-two cents."

The plaintiff moved the court for a new trial, and her motion was overruled. She also moved for judgment for the full amount of the notes, " because the answers to the interrogatories herein do not show any valid easement ever acquired by the Wabash and Erie canal upon the land sold by her to the defendant, for which the notes and mortgage were given." This motion was overruled, and thereupon the court, on motion of the defendant, rendered judgment for the plaintiff for the amount of the general verdict.

The appellant has assigned as errors :

1. Overruling her demurrer to the first paragraph of the answer of the defendant.

2. Overruling her demurrer to the second paragraph of the answer.

3. Overruling her motion for a new trial.

4. Overruling her motion for judgment in her favor, for the full amount of her claim, notwithstanding the verdict.

The appellee also has attempted to assign an error, but it is only a reason for a new trial, which should first have been urged in the circuit court, and then presented to us by assigning as error the overruling of the motion for a new trial.

The first and second errors assigned by the appellant are not urged, the ground of them having been removed by a *certiorari* and the return thereto, amending the record.

The third reason for a new trial cannot avail the appellant, for the reason that she has no bill of exceptions in the record. Her grounds for a new trial were :

1. The verdict was not sustained by sufficient evidence.

2. It was contrary to law.

3. It was contrary to the evidence.

4. Excluding certain documentary evidence set out in the motion.

5. The jury disregarded the instructions of the court touching what was necessary to constitute an easement.

None of these reasons or grounds for a new trial can be reconsidered by us, in the absence of a bill of exceptions.

The last error alleged is the refusal of the court to render judgment for the plaintiff, on the answers of the jury to the interrogatories, for the amount due on the notes, notwithstanding the general verdict.

It may be understood from the special findings of the jury, that the canal, at the point in question, was once confined within prescribed limits by the berme banks mentioned; that by the giving or wearing away of these banks, the water had overflowed part of the land covered by the deed; that the appellee knew this at the time of his purchase; that there was no other title or right in the canal company to flow the lands, except such as resulted from its failure to repair the berme bank, as it was gradually washed away by the water; that a portion of the bank remained as it was constructed till within less than ten years before the deed and mortgage were made; and that there was no evidence to show that the canal company ever claimed any title or right to overflow the lands prior to the sale and conveyance of the land.

This shows, we think, that there was, in the canal company, no right or title to overflow the land.

According to the answer to the second interrogatory propounded by the plaintiff, the canal company had no other title to overflow the lands than such as resulted from failing to repair the berme bank, and the gradual washing away of the same by the water. This excludes the idea of any adverse use of the water. We must understand that by the wasting away of the bank the water overflowed the lands, and that this was the extent of the matter.

There is no finding that any right was asserted by the company at any time before the deed was made, or that any use of the water was ever made by the company for purposes of navigation, or for any other purpose. When the jury answer, as they do, to the second interrogatory of the defendant, that at the time of the sale of the land, the company had acquired the right by limitation to overflow a portion of the land, we

cannot understand, in opposition to what they had previously found, that the company had, by an adverse and continuous use and claim for twenty years, acquired a right to the easement. Such a construction of that answer would be in contradiction of the clear and positive findings in answer to the interrogatories of the plaintiff, to which we have already referred.

To acquire a right by prescription, there must be an actual enjoyment. Prescription acquires for the party precisely what he has possessed, and nothing more, and in proving a prescription the user of the right is the only evidence of the extent to which it has been acquired. The use and enjoyment of what is claimed must have been adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate, in, over, or out of which the easement prescribed for is claimed, and while such owner was able, in law, to assert and enforce his rights, and to resist such adverse claim, if not well founded. And it must moreover be of something which one party could have granted to the other. Washb. Easem. 131 ; *Mitchell* v. *Parks,* 26 Ind. 354.

The canal company is not a party to this suit. It is asserting no claim to any right to overflow the lands, so far as appears. The jury expressly find that there was no evidence that the company had, up to the time of the sale and conveyance of the land, set up any claim to any title or right to overflow the land.

In our opinion, the court should have sustained the motion of the plaintiff for judgment in her favor for the full amount found to be due her on her notes and mortgage, without any deduction on account of the alleged incumbrance.

The judgment is reversed, with costs, and the cause remanded, with instructions to render judgment for the full amount found to be due to the plaintiff on her notes and mortgage, without any deduction on account of the alleged incumbrance.

Opinion filed November term, 1874; petition for a rehearing overruled May term, 1875.