PALMER ET AL. *v.* WRIGHT ET AL.

TRESPASS ON LAND.—*Easement.*—*Adverse Possession.*—*Right of Way.*—Where, in an action of trespass for entering upon the lands of the plaintiff, and

Palmer *et al. v.* Wright *et al.*

removing therefrom a fence and gate, the defendant justifies by alleging that such enclosure was an obstruction to his easement in a right of way across the plaintiff's lands to a public highway, acquired by user, he must, to establish such easement, show that he had used such right of way uninterruptedly for twenty years, under a claim of title thereto adverse to the plaintiff, and with his knowledge and acquiescence.

SAME.—*Disability of Owner.—Burden of Proof.—Evidence.*—Where one claims an easement in the land of another, acquired by prescription, the burden of proof is upon the latter to establish as a defence to such claim, that, during such user, he was under disability.

SAME.—*Presumption.*—Freedom from such a disability is, in the absence of affirmative evidence to the contrary, presumed.

INSTRUCTION TO JURY.—*Evidence.—Supreme Court.*—Where an instruction to the jury trying a cause, in reference to the evidence necessary to sustain the issues therein, is abstractly wrong, and the evidence referred to is inadmissible under any supposable state of facts arising under the issues, the giving of such instruction is cause for a new trial, and on appeal to the Supreme Court, is ground for reversal, though the evidence given be not in the record.

From the Knox Circuit Court.

*F. W. Viehe,* for appellants.

*J. C. Denny* and *C. S. Denny,* for appellees.

NIBLACK, J.—Ann E. Wright, James M. Wright, William C. W. Wright, Sarah D. Wright and Laura S. Wright, the appellees, sued Josiah C. Palmer, Andrew C. Palmer and Hiram L. Palmer, the appellants, for wrongfully entering upon a certain tract of land, describing it, of which the appellees were the owners and in possession, and tearing down and removing a gate and some fencing which had been erected thereon, by means of which the horses, cattle and hogs of the appellants also entered upon said land and trod down the same and injured the grass growing thereon.

The appellants answered:

1. The general denial.

2. That they tore down and removed said gate and fencing, because the same were erected across and obstructed a certain public highway passing over said land, along and upon which the appellants, in common with other citizens of the county, had the right to travel with

their horses, cattle, hogs, wagons, buggies, or otherwise. Wherefore they were justified in doing as they did.

3. That the said Josiah C. Palmer, the father of the other two appellants, and under whose authority they acted, was the owner of a tract of land adjoining the one described in the complaint, and had, by more than twenty years' user thereof, acquired the right to travel over the land of the appellees to and from a certain public highway of the county, and that the appellees had obstructed the said Josiah C. Palmer's way over their said land, by erecting said gate and fencing; that, to enable the said Josiah C. Palmer to use and enjoy his said right of way over the appellee's land, the appellants tore down and removed said gate and fencing, as they lawfully might, doing no unnecessary damage to said land.

The appellees replied generally, denying the second and third paragraphs of the answer.

The action, being local to Daviess county, was commenced in the Daviess Circuit Court. After the issues were completed, the venue was changed to the Knox Circuit Court, where the cause was tried by a jury, resulting in a verdict and judgment for the appellees. A motion for a new trial was interposed and overruled, and exceptions reserved.

On the trial, the court, amongst other things, instructed the jury as follows:

"In order for the defendants to satisfy the jury that they had a prescriptive right to travel through the road over the plaintiffs' land where the gate and fence were torn down, they must prove that the defendant Josiah C. Palmer then owned land, adjoining the road, in fee. They must further prove that Palmer, and those who previously owned the land of Palmer, used the road over the plaintiffs' land as a way of travel to the Washington and Appraw road uninterruptedly for a period of twenty years; that such travel was under a claim of right as appurtenant to the adjoining land aforesaid, adverse to

those who owned the plaintiffs' land on which the road ran; that those owning the plaintiffs' said land were, during the twenty years, in possession of the land and free from disability to resist the use of the land as a way of such travel, and that such use and claim of right were known and acquiesced in by the owners of plaintiffs' said land during said period. If all these facts are proven by a preponderance of the evidence, the defendants' claim to a right by prescription is made out. If any of these facts have not been proven, the claim has not been established."

The appellants insist, that so much of the foregoing instruction as required them to prove, by a preponderance of evidence, that the appellees, and those under whom they claimed, were not under legal disability to resist the use of a way over their land, is erroneous.

The evidence is not in the record, and it has been frequently decided by this court, that, where the evidence is not in the record, the judgment will not be reversed on account of instructions given to the jury, unless the instructions are shown to be clearly erroneous under any supposable state of facts. *Murray* v. *Fry,* 6 Ind. 371; *The Rising Sun, etc., Co.,* v. *Conway,* 7 Ind. 187; *Ball* v. *Cox,* 7 Ind. 453; *Jarvis* v. *Strong,* 8 Ind. 284; *Woolley* v. *The State,* 8 Ind. 502; *Woodruff* v. *Garner,* 27 Ind. 4; *Barlow* v. *Thompson,* 46 Ind. 384; *Smathers* v. *The State,* 46 Ind. 447.

It seems to be well settled by authority, that, to establish an easement in the lands of another by prescription, it must be shown to have been used for twenty years, and to have been adverse, that is, under a claim of title, with the knowledge and acquiescence of the owner of the land, and uninterrupted; and the burden of proving all this is on the party claiming the easement. 2 Greenl. Ev., sec. 539; also, *Sargent* v. *Ballard,* 9 Pick. 251.

It is nowhere held, that we are aware of, that the party claiming the easement must show, in addition, by a

preponderance of evidence, when a contest as to such disability arises, that the owner of the servient estate was free from disability. Freedom from disability will be presumed, we think, unless the contrary is affirmatively shown. It has been well laid down as a legal proposition, that ability is the rule, and disability the exception, and that he who alleges the exception must prove it.

In the case before us, if any question of disability properly arose on the trial, it must have been presented by the appellees, in rebuttal of the appellants' claim of an easement in their land. If so presented, the burden of the proof of the disability rested with the appellees.

So far as we are enabled to judge from the issues in the cause, there was no supposable state of facts presented on the trial, which made it proper to instruct the jury, that it devolved on the appellants to prove, by a preponderance of evidence, that the appellees, and those under whom they claimed, were free from disability.

We are of the opinion, therefore, that the court erred in giving the instruction complained of, and that, for that reason, the judgment must be reversed.

The judgment is reversed, at the costs of the appellees, and the cause remanded for a new trial.

### OPINION ON PETITION FOR A REHEARING.

NIBLACK, J.—A petition for a rehearing has been filed in this case, and we are referred to several authorities as being in supposed conflict with the doctrine of the foregoing opinion. In that connection, the cases of *Peterson* v. *McCullough*, 50 Ind. 35, and *Lane* v. *Miller*, 27 Ind. 534, are enumerated.

It is true, that, to establish an easement by prescription over or upon the land of another, the owner must not have been under disability to resist the continued use of the land, relied on as the foundation of the claim, but the question as to the ability or disability of such owner is but an incidental and subordinate one to the inquiry as

Palmer *et al. v.* Wright *et al.*

to whether the use of the land, so relied on, was with the knowledge and acquiescence of the owner. This knowledge and acquiescence may be shown by direct testimony, or by inference from all the circumstances connected with the case, and, when shown by either method, the ability of the owner to resist the use of his land, if he had desired to do so, will, in the absence of any testimony on the subject, be presumed.

When, however, disability is relied on as a defence to the claim under an alleged easement, or the ability of the owner to resist the claim becomes, in any other manner, a direct and controverted question, it devolves on the party asserting the disability to establish it by a preponderance of evidence.

It was because the instruction, commented on in the opinion in this cause, seemingly announces a different rule of evidence from this, that we felt constrained to hold it erroneous. The rule thus laid down may appear to be a somewhat technical one, as applicable to the case at bar, but the principle involved is often an important one in practice, and ought to be adhered to in all cases to which it is applicable.

The cases of *Peterson* v. *McCullough*, and *Lane* v. *Miller, supra*, ought to be construed with reference to the rule of evidence above laid down.

It is a matter of regret that there seems to have been some obscurity in the definition of this rule in many of the reported cases, but we think it safe to say that the ability of the owner will, as a general rule, be presumed, until the contrary is made to appear.

The petition for a rehearing is overruled.

Original opinion filed at November Term, 1876.

Opinion on petition for a rehearing filed at November Term, 1877.