McCARDLE v. BARRICKLOW.

EASEMENT.—*Definition of.*—*Instruction.*—The use and enjoyment of a right of way over the land of another for twenty years must, to constitute an easement, have been adverse. under a claim of right, exclusive. continuous and uninterrupted. besides being with the knowledge and acquiescence of the owner of thᵉ estate over which the easement is claimed ; and an instruction which does not so define it will be considered erroneous.

PLEADING.—*Can not Perform Double Office.*—A single pleading can not be made to perform the double office of an answer and a cross-complaint.

From the Ohio Circuit Court.

*O. B. Liddell*, for appellant.

*R. Gregg* and *S. H. Stewart*, for appellee.

NIBLACK, J.—The complaint in this case averred that the plaintiff, William T. McCardle, was the owner of a tract of land in Switzerland county, and that the defendant, Elizabeth Barricklow, was the owner of another tract of land in the same county, lying to the north of and adjoining the plaintiff's land ; that, until some time in the year 1875, a portion of the plaintiff's land lying next to the lands of the defendant, and containing about eleven acres, remained uninclosed, but that, during that year, the plaintiff erected a line of fence around the same ; that the defendant had torn down said fence, and had entered upon, trodden down and travelled over the land enclosed by such fence, to the damage of the plaintiff in the sum of two hundred dollars ; that the defendant had given out, and caused it to be made known, that she would tear down and destroy said fence as often as the plaintiff might rebuild the same. Wherefore the plaintiff demanded damages, and that the defendant might be enjoined from disturbing said fence, or otherwise injuring the premises upon which it was situate.

The defendant answered in two paragraphs :

1st. In general denial ;

2d. That the defendant was the owner of a private right of way, of the width of twelve feet, across that portion of the plaintiff's land so recently fenced in by him, and established by more than twenty years' continuous use by her and those under whom she claimed, before the commission of the supposed grievances alleged against her ; that she had torn down said line of fence only where it crossed her said right of way, and had passed over said enclosed land only upon that portion of it covered by her right of way, as she lawfully might. Wherefore defendant prayed that the plaintiff should be enjoined from obstructing her said right of way.

Issue being joined, there was a trial resulting in a general verdict for the defendant.

Judgment was rendered upon the verdict, supplemented by an order enjoining the plaintiff from in any manner obstructing the right of way claimed by the defendant.

Error is assigned only upon the overruling of the plaintiff's motion for a new trial.

The court, upon its own motion, gave to the jury the following instruction :

"But, in the case at bar, the defendant says that she had the right to pass over the lands of plaintiff along the way described in the answer, and to remove any obstruction which might be placed therein by the plaintiff, or any one else, and bases her claim so to do upon the ground that for more than twenty years last past she has occupied, used and enjoyed the right of way described in her answer, under claim of right, uninterruptedly and continuously and with the knowledge of plaintiff. If this be true, then the plaintiff can not recover in this action, and the defence set up in the second paragraph is complete, and she, the defendant, is entitled to the affirmative relief prayed for in her answer."

Although the court gave several other instructions bear-

ing upon the general subject of easements, it gave no better or more comprehensive definition of what is necessary to constitute an easement over the lands of another than that which is incidentally given in the instruction set out as above. It is objected that the definition of an easement given as above was an insufficient and erroneous definition, because it failed to inform the jury that the claim of right set up by the defendant had also to be shown to be adverse to the plaintiff.

The use and enjoyment of what is claimed as an easement must have been adverse, under a claim of right, exclusive, continuous and uninterrupted, besides being within the knowledge and acquiescence of the owner of the estate over which the easement is claimed. Such, in substance, are the essential elements of an easement like that set up by the defendant in this cause. Washburn on Easements, 131; *Palmer* v. *Wright*, 58 Ind. 486; *Peterson* v. *McCullough*, 50 Ind. 35; *Mitchell* v. *Parks*, 26 Ind. 354; *Snowden* v. *Wilas*, 19 Ind. 10.

It will thus be seen that one of the distinguishing features of an easement is that the claim of right by which it is supported must have been adverse to the owner of the servient estate.

The instruction complained of as above did not, therefore, fully and fairly present to the jury the matters really in issue between the parties. It failed to indicate what was necessary to constitute an easement in contradistinction to what may have been enjoyed under a mere license—a distinction which the evidence in this cause made it essential to be observed.

Other questions are incidentally discussed by counsel, but, as the judgment must, at all events, be reversed, we will not consider them at the present hearing.

In case the cause shall be again tried, we take the liberty of inviting the attention of counsel to the fact that

this court has repeatedly decided that a single pleading can not be made to perform the double office of an answer and a cross complaint, as the second paragraph of answer in this case was permitted to do upon the former trial. *Campbell* v. *Routt*, 42 Ind. 410; *Gabe* v. *McGinnis*, 55 Ind. 372. Also more recent cases.

The judgment is reversed, with costs, and the cause remanded for a new trial.