## JONES v. ERIE & WYOMING V. R. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF WYOMING COUNTY.

Argued February 26, 1891—Decided January 4, 1892.

[To be reported.]

1. A railroad company, authorized by its charter to take for its right of way a strip of land not exceeding sixty feet wide, may limit the width of its appropriation to less than sixty feet; but, unless such limitation affirmatively appear, it will be presumed that it has appropriated the full width allowed by its charter of incorporation.

2. The right of way appropriated is not defined by the extent of the company's actual possession and use of the land. So, the lines of a street on which a railroad company locates the centre line of its road and lays its tracks, are not necessarily, nor even presumptively the boundaries of its right of way; these may be within, beyond, or upon the lines of the street.

(*a*) A railroad company located the centre line of its road twenty-five feet from plaintiff's lot, within the bounds of a street. Upon that location it constructed a track wholly within the limits of the street. The plaintiff commenced a proceeding under § 11, act of February 19, 1849, P. L. 84, for the assessment of damages for the appropriation of a part of his lot.

(*b*) There was evidence that defendant's engineer, while surveying the route, staked out a width of sixty feet in the vicinity of plaintiff's lot, and set a mark on that lot, thirty feet from the centre line, saying that it designated the outside line of the railroad. On the trial, the defendant refused to designate the bounds of its right of way, or to disclaim of record any right in plaintiff's land by virtue of the location made:

3.. In view of the presumption as to the width of its appropriation, and the evidence, it was error to charge that there was no evidence of an appropriation of any part of plaintiff's lot, and to direct a verdict for defendant. If the company had taken less than sixty feet, it was its duty to show a limitation of the appropriation by some plain and decisive act.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 258 January Term 1890, Sup. Ct.; court below, No. 228 November Term 1887, C. P.

On November 5, 1887, John P. Jones filed a petition pray-

ing for the appointment of viewers, to assess damages for the location and construction of the railroad of the Erie & Wyoming Valley Railroad Company, upon a lot owned by him situated in the city of Scranton. Thereupon, the court appointed viewers, who subsequently reported that no land of the plaintiff had been taken or occupied by the defendant, except such as had already been dedicated for a public highway; that the defendant had made no excavation or embankment upon the streets adjoining the plaintiff's lot, and that they refused to award him damages, for want of jurisdiction. The plaintiff having appealed from the award of the viewers, an issue was framed on a declaration in trespass quare clausum fregit, and the plea of not guilty.

At the trial, on November 17, 1890, the defendant, by leave, filed an additional plea, averring want of jurisdiction in the court, when the following facts were shown :

The plaintiff's lot was situated at the corner of New street and Washington Avenue, and had on it two dwelling-houses, one of which was occupied by the plaintiff himself. In 1886, the defendant company surveyed and located a route for an extension of its railroad into Scranton, passing over the intersection of the two streets named, diagonally, i. e., without going upon either of them except at their intersection. The centre line of the railroad was so located as to pass between the intersection of the centre lines of the streets and the corner of the plaintiff's lot, its distance from the latter being about twenty-five feet.

The defendant constructed its railroad upon the said location, spanning the streets with a bridge elevated about twenty-three feet above their bed. The superstructure of the bridge was eighteen feet in width, and its edge, on the side next the plaintiff's lot, was distant about sixteen feet from the corner thereof. No embankments were constructed within the limits of said streets, the only actual occupation thereof by the railroad, as constructed, being the overhanging of their surface, at their intersection, with the bridge superstructure.

The plaintiff testified that the defendant's engineer, E. L. Jenks, while surveying and locating the route of the railroad, staked out the centre line, measured thirty feet each way therefrom, drove a stake in plaintiff's sidewalk and a tack or nail in

his wooden curb, and told him that these marked the outside
of the line for the railroad. The plaintiff testified, further,
that the line so marked would cut a small triangle off his lot;
that the embankments on which the track was laid, at either
end of the bridge, occupied sixty feet in width; that, in one
place, the company had erected a fence along a part of the
railroad, at a distance of thirty feet from its centre line; and
that the limits of such occupation corresponded with the line
marked across his lot. It was conceded that an appropriation
sixty feet in width would take a part of this lot.

E. L. Jenks testified for the defendant that the witness made
no location of any line upon the plaintiff's lot, and did not tell
the plaintiff that the stake and nail, mentioned in the plaint-
iff's testimony, marked the outside line of the location; that
the only line located by the witness, near that point, was the
centre line of the railroad; that the sole purpose of his going
upon the plaintiff's lot and making marks there, was to get the
data required for the location of a curve in said centre line;
that the witness did not stake out a width of sixty feet for
right of way, anywhere in the vicinity of the plaintiff's lot;
that the company purchased lots of ground for railroad pur-
poses, both above and below the bridge, and the lines staked
out there were the lines of its purchases; and that the witness
remembered but one place upon the entire line where a right
of way of sixty feet was staked, viz., upon the Gilmore prop-
erty in Dunmore, though possibly this might have been done,
also, upon a part of the Dolph property. The witness testified
further as follows:

" Q. You located no railroad in front of his property except
in Washington Avenue, or on Washington Avenue? A. That
is all. Q. How far was the nearest point of your survey and
location from the fence line of John P. Jones? A. It is about
25 feet, 24 or 25 feet. . . . . Q. Where is the outside line
that you surveyed and located, how far is that from his cor-
ner? A. Why, I didn't survey any outside line at that point
at all. Q. What is the outside line? A. At that point?
Q. Yes, sir. A. Why, the outside line that is occupied would
be the outside of the bridge. . . . . What is the outside line
of the actual location, at that point? A. Why, it would be
the outside of the bridge."

Charge of Court below.

It was stated in the paper-book of the appellant that, both before the viewers and at the trial in court, the plaintiff requested the defendant, if it did not intend to take any part of his land, to put on record, or give to him, a formal declaration defining the limits of the right of way appropriated, but that this request was disregarded.

At the close of the testimony, the court, GUNSTER J., charged the jury in part as follows:

The two main questions in the case are whether the defendant company has taken any of the plaintiff's land; and if so, how much he has been injured, if he has been injured at all.

In order to maintain his case, the plaintiff, under these proceedings, must show that the defendant company has taken some of his land. He must show more than that he has been injured by the construction of this railroad; he must show that the railroad company has taken some of his land. . . . . .

[There is no evidence in this case, gentlemen of the jury, that the defendant company took this land for its right-of-way, under any law of this commonwealth, by any legal proceedings; and there is no evidence that the company has ever actually entered upon the land, that they have taken possession of it. The plaintiff himself, as appears from his own testimony, has been in possession of his land continuously, except so far as that possession was disturbed by the contractors who erected an anchor, or something of that kind, for the holding of a guy-rope. There is no evidence that the company, or any employee of the company, ever entered upon this land, or took possession of it in behalf of the company.][1] Inasmuch as the plaintiff's case has failed in that respect, you must render your verdict in favor of the defendant.

I do not wish to be understood as saying that the plaintiff has not been injured by the construction of this railroad, or that his rights may not have been affected. All that I hold now, and the principle upon which I instruct you, is that under the proceedings under the act of 1849, the plaintiff has failed to show such a taking of land as is within the purview of that act, and therefore, he cannot recover in this issue. This is not an ordinary suit brought by a summons, as is originally known, a common-law action, but it is a special issue framed under a

Arguments.

special act of assembly ; and, in order to be entitled to the benefits of that act, the plaintiff must show that his case falls within the purview of it.   The evidence of the plaintiff failing to establish that it falls within the purview of that act, the defendant is entitled to your verdict.

—The jury returned a verdict for the defendant.   Judgment having been entered, the plaintiff took this appeal, specifying that the court erred :

1. In giving the instruction embraced in [  ] [1]

2. In directing a verdict for the defendant.

*Mr. S. B. Price* and *Mr. H. M. Hannah,* for the appellant :

All that is required to be shown by the plaintiff, is the location by the defendant of a right of way on his land ; an actual occupation of the soil is not necessary to give him a right of action : Neal v. Railroad Co., 31 Pa. 19 ; West. Penna. R. Co. v. Johnston, 59 Pa. 290 ; Pittsb. etc. Ry. Co. v. Commonwealth, 101 Pa. 197 ; Beale v. Railroad Co., 86 Pa. 509 ; Wadhams v. Railroad Co., 42 Pa. 303.   The fact that the defendant has not actually occupied his land, amounts to nothing, if it has acquired a right to occupy it.   When nothing has been done by the company to indicate decisively the limits of the appropriation actually made, it is presumed that the taking was to the full extent allowed by law, to wit, a width of sixty feet : Phila. etc. R. Co. v. Obert, 109 Pa. 193.   A railroad company, in taking land, is not confined to the present needs of its business : Lodge v. Railroad Co., 8 Phila. 345 ; and the fact that the roadbed, at the point in question, is over twenty feet above the surface is immaterial ; the plaintiff's rights above or below the surface are the same as his rights at the surface : Penna. R. Co. v. Lutheran Cong., 53 Pa. 445.   It is immaterial, also, that the right of way is laid on the plaintiff's land for only a part of its width : Swift's App., 111 Pa. 516.

*Mr. Everett Warren* (with him *Mr. Edward N. Willard*), for the appellee :

1. This is a proceeding under § 11, act of February 19, 1849, P. L. 84 ; and, in order to bring his case within the act, it is essential that the plaintiff show either an actual taking of his land, or the placing of an excavation or an embankment on the

streets in front of his property : Delaware Co.'s App., 119 Pa. 171 ; New Castle etc. R. Co. v. McChesney, 85 Pa. 522. The testimony shows conclusively that the route of defendant's railroad was never located upon any part of the plaintiff's lot. And the company cannot be held to have taken the maximum width fixed by law, whether this width is necessary or not. This matter is solely in the discretion of the directors : New York etc. R. Co. v. Young, 33 Pa. 175 ; Cleveland etc. R. Co. v. Speer, 56 Pa. 325 ; Parke's App., 64 Pa. 137.

2. The case of Phila. etc. R. Co. v. Obert, 109 Pa. 193, cited by appellant, does not sustain his position. Nor does the case therein referred to by Mr. Justice CLARK, Prather v. Telegraph Co., 14 Am. & Eng. R. Cas. 1. In the case at bar, the decisive act limiting the appropriation made by the defendant appears, (a) in the undisputed evidence that the company never included any part of it within the lines of its survey and route ; (b) in the location and construction of its road on the bridge crossing Washington Avenue and New street ; (c) in the uncontradicted testimony of defendant's engineer, that the limits of the location at the point in question were the outside lines of the bridge ; and (d) in the occupation and use of that established location, as the defendant's route, ever since the bridge was constructed.

3. It is insisted that the defendant may, at some future time, widen its bridge and overhang his land. His mind should be relieved as to this by the following authorities, holding that the power to determine the location, once exercised, is exhausted : Pierce on Railroads, 254 ; Morrow v. Commonwealth, 48 Pa. 305 ; Cleveland etc. R. Co. v. Speer, 56 Pa. 325 ; Holden v. Cole, 1 Pa. 303 ; McMurtrie v. Stewart, 21 Pa. 322 ; Furniss v. Furniss, 29 Pa. 15 ; Mine Hill etc. R. Co. v. Lippincott, 86 Pa. 468. The defendant has no right, under its charter, to occupy land other than that upon which its road has been located : West. Penna. R. Co. v. Johnston, 59 Pa. 290. It is true, as was said in Lafferty v. Railroad Co., 124 Pa. 297, that a location secures the right to enter and occupy, but in this case there is no location, and no evidence of any location, on the plaintiff's lot.

4. Railroad companies may use public streets or highways when authorized by their charter, expressly or inferentially :

Opinion of the Court.

Phila. & Trenton R. Co.'s Case, 6 Wh. 25 ; Cleveland etc. R.
Co. v. Speer, 56 Pa. 325; Danville etc. R. Co. v. Common-
wealth, 73 Pa. 38; Struthers v. Railway Co., 87 Pa. 282;
Beach on Railways, § 802. Everything in the case at bar
shows a location by the defendant at the intersection of two
streets, and within their bounds, and nowhere else. Even,
therefore, if the plaintiff owns to the middle of the streets, of
which there is no evidence, he can recover nothing in this pro-
ceeding: Snyder v. Railroad Co., 55 Pa. 340; Ryan v. Rail-
road Co., 2 Montg. Co. R. 31 ; Cumberland V. R. Co. v.
Rhoadarmer, 107 Pa. 214.

OPINION, MR. JUSTICE McCOLLUM :
The appellant is the owner of a lot, with two dwelling-houses
thereon, situate at a corner of Washington Avenue and New
street, in the city of Scranton. In 1886, the Erie & Wyoming
Valley Railroad Company extended its line of railway into
said city, by a route which passed directly over the intersection
of Washington Avenue and New street, at the point where the
appellant's lot is located. The centre line of the route is
twenty-five feet from the corner of his lot, and the tracks of
the railroad are eighteen feet above the street grade, supported
by a bridge eighteen feet wide, which the company has erected
there. The centre of the bridge is the centre line of the rail-
road, and that portion of the bridge which is nearest to the ap-
pellant's lot is about sixteen feet from it. The appellant,
alleging that the company had located its road upon his land,
obtained a view under the act of February 19, 1849, P. L. 79,
to assess the damages. The viewers declined to award dam-
ages, on the ground that the company had not taken any of his
land, and that it had not, in the construction of its road on the
street in front of his lot, made any excavation or embankment.
On appeal from their report, an issue was framed and a trial
was had, which, by direction of the court, resulted in a verdict
for the company.

The appellant testified that, when the company's engineers
were engaged in locating its road in the vicinity of his proper-
ty, " they staked out the lines, drove a stake in the centre,
and measured thirty feet each way ; " that they drove " a tack
or shingle nail " in his fence, and one in the wooden curb, near

to it; and that Jenks, who was in charge of the work, told him that these marked the outside lines of the railroad. He also submitted evidence that the company, on the line of its road above and below his lot, was in the actual occupancy of a strip of land sixty feet wide. In answer to this showing by the appellant, Jenks admitted that he was upon the lot, and drove the nails as claimed, but denied that he located an outside line there, or made any representations that the nails were driven to mark such a line; and he explained that the sole purpose of his presence and work there was to get "preliminary notes" to enable him to locate a curve line which was required near that point. He testified, further, that the only line of the road located near the appellant's lot was the centre line; that the company purchased and occupied for railroad purposes some lots in that vicinity, the lines of which were marked, and that the only point on the road where the right of way was staked out of the width of sixty feet was on the Gilmore property.

We have now referred to all the testimony which is material to an understanding of the conflicting claims of the parties respecting location, and we are called upon to determine whether it is sufficient to justify a jury in finding that the company has appropriated a portion of the appellant's lot. It should be stated in this connection that on the trial in the court below, and on the argument here, the company flatly refused to comply with his request that it should designate the boundaries of its right of way, or disclaim of record any right in his land by virtue of its location of its road. Its sole answer to his claim is that it has not taken actual possession of his land; that the centre of its road is about twenty-five feet from his lot; and that it has not designated the boundaries of its right of way at that point. It is contended by the appellant that, in the absence of a designation of boundaries, there is a presumption that the company has appropriated for its right of way all that the act of 1849 allows it to take for that purpose, and it is conceded that such an appropriation would include a portion of his lot.

A railroad company, authorized to take for its right of way a strip of land "not exceeding sixty feet wide," may limit the width of its appropriation to less than sixty feet; but, unless

such limitation affirmatively appears, it will be presumed that it has appropriated the full width allowed by its charter : Prather v. Telegraph Co., 14 Am. & Eng. R. Cas. 1; Phila. etc. R. Co. v. Obert, 109 Pa. 193.   It is true that in Prather's case the company had entered on his land and constructed its road there, while in the case at bar the company is not in the actual possession of any portion of the appellant's lot.   But this distinction in the facts cannot affect the presumption, because there would be no room for it in any case, if the right of way was defined by the extent of a company's actual possession and use of the land.   The lines of a street on which a railroad company locates the centre line of its road and lays its tracks, are not necessarily, nor presumed to be, the boundaries of its right of way.   These may be within, beyond, or upon the lines of the street; but, in either case, it is the duty of the company to designate them by some appropriate and decisive act.   A company which refuses, when requested by the lot-owner, to define its right of way by marking the outside lines, may be expected, when its necessities or interests require it, to claim an appropriation of the full width of sixty feet, and to invoke the presumption already mentioned in support of the claim.

It is contended for the appellee that when a railroad company locates its road upon a public street, the adjoining lot-owner has no right, under the act of 1849, to a view to appraise damages, unless the company in the construction of its road has made an excavation or embankment which injuriously affects his property.   This is true if the location is exclusively upon the street, but not so if it includes a portion of the adjoining lot.   In the case at bar the question is whether the location embraces a part of the appellant's land; and, in the absence of any designation of its boundaries, the presumption is that it extends thirty feet on each side of its centre line.   The extent of its appropriation for a right of way is peculiarly within the knowledge of, and can be easily shown by the company.   If it has taken for that purpose less than the full width of sixty feet, it can readily point to its action limiting and fixing the boundaries of its appropriation, and it is but just and reasonable that it should be required to do so.   This action should not be doubtful or evasive in its character, but it should be sufficiently plain and decisive to inform and protect the landowner.

Syllabus.

We are clearly of opinion that, in view of the presumption we have considered and the evidence submitted by the appellant, the court below erred in directing a verdict for the company.

> Judgment reversed, and venire facias de novo awarded.