# THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HUDDLESTON.

[No. 2,687.    Filed February 23, 1899.]

WATERS AND WATER COURSES.—*Obstruction.*—*Complaint.*—A complaint alleging that defendant railroad company for the purpose of allowing waters in a ditch called the "Holloway ditch" to flow under its tracks, and to continue in its channel, as it had done for twenty years previous thereto, negligently placed in the line of the ditch, immediately below the premises of plaintiff an insufficient sewer does not show the obstruction of a natural water course. *pp. 621-629.*

PLEADING.—*Conclusion.*—*Waters and Water Courses.*—An allegation in a complaint for obstructing a water course, that plaintiff was entitled to the free and unobstructed flow of the water in the channel of a ditch, is the statement of a conclusion.   *p. 623.*

WATERS AND WATER COURSES.—*Surface Water.*—*Railroads.*—A railroad company is not under duty to provide an outlet for surface water, nor liable for turning it upon the lands of adjacent proprietors.   *p. 624.*

SAME.—*Obstruction.*—*Complaint.*—When a landowner seeks a recovery against a railroad company upon the theory that his property has been injured by an overflow of water caused by the railroad company obstructing the water in a ditch by building culverts across same, he must show that the ditch was rightfully established and constructed through the property of the company, and that the company was under a duty not to place culverts across such ditch. *p. 626.*

SAME.—*Prescription.*—An allegation in a complaint for damages for the obstruction of water in a ditch, that the waters had been permitted to flow through such ditch for twenty years, does not show a prescriptive right.   *pp. 627-629.*

From the Hendricks Circuit Court.   *Reversed.*

*Byron K. Elliott, William F. Elliott* and *John T. Dye,* for appellant.

*George W. Brill* and *George C. Harvey,* for appellee.

COMSTOCK, J.—The complaint alleges that the plaintiff is the owner of the land therein described; that his land was injured by an overflow of the water of a ditch running through it; that the ditch was

known as the "Holloway ditch;" that water was accustomed to flow therein, and that "the plaintiff was entitled to the free and unobstructed flow of water in the channel of said ditch below said land." The allegations referred to are followed by averments as follows: "That on the — day of ——, 1893, the defendant, in making a sewer through and under the embankment threw up for their grade on which their tracks were laid, immediately in the line of said ditch, and for the purpose of allowing the waters therein to flow under said railroad, and to continue in the channel of said ditch, as had been done for twenty years previous thereto, negligently placed in the line of said ditch immediately below the premises of plaintiff, aforesaid, an insufficient sewer of but three feet in diameter, when for many years before there had been a bridge of some twelve feet in width at the same place, and it was necessary at said place to have a much larger sewer than the one so put in by defendant to carry water in its ordinary channel. That from said day to the present time the defendant has negligently maintained said sewer, and has thereby since said time, and during all of said time, obstructed and stopped the natural flow of water of said ditch, and raised the water thereof on divers occasions within the last two or three years fifteen feet above its ordinary level, and caused it to back upon said plaintiff's said premises, and flood the same."

A demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action was overruled, and exceptions taken. The cause was put at issue by general denial, submitted for trial to a jury, and a verdict returned in favor of appellee for $458, for which amount the court, after overruling appellant's motions for a new trial and in

arrest of judgment, rendered judgment in favor of appellee.

The first and second specifications of the assignment of errors question the sufficiency of the complaint. Appellant insists that the complaint does not show the obstruction of a natural water course. It will be noticed upon reading that it does not aver that the ditch was a natural water course, nor set out facts showing it to be such; while from the expression "Holloway ditch" an artificial ditch would be inferred, construing, under the rule, the language used most strongly against the pleader. *Cleveland, etc., R. Co.* v. *Dugan*, 18 Ind. App. 435, and authorities cited.

If the complaint is good, it must be because facts are stated showing a duty on the part of appellant to construct a larger sewer than the one it actually constructed. A complaint based upon negligence must state facts showing a specific duty owing to the party complaining, and a wrongful breach of the duty by the defendant. *Faris* v. *Hoberg*, 134 Ind. 269; *Cleveland, etc., R. Co.* v. *Stephenson*, 139 Ind. 641; *Thiele* v. *McManus*, 3 Ind. App. 132; *Morrow* v. *Sweeney*, 10 Ind. App. 626. The acts complained of were done by appellant on its own land, and in the use of its own property. It will not be presumed that they were wrongfully done. The allegation that appellee "was entitled to the free and unobstructed flow of the water in the channel" is the statement of a conclusion. In *Field* v. *Chicago, etc., R. Co.*, 76 Mo. 614, it was held that, where an action was grounded on a breach of duty, "the facts out of which the duty arose must be pleaded." From the facts pleaded, was the appellee entitled to have the water flow on through the lands of the appellant? If it had this right, it was derived from the existence of an artificial ditch, construing

the complaint most strongly against the pleader. The complaint in the case before us does not show that the ditch carried any other than surface water. It is settled in this State that a railroad company is not under a duty to provide an outlet for surface water, nor liable for turning it upon the lands of adjacent proprietors. In *Cairo, etc., R. Co.* v. *Stevens*, 73 Ind. 278, the court said: "The complaint proceeds on the theory that the defendant was lawfully in possession of its right of way across the land described and for the distance of ten miles southward, but whether by condemnation or by purchase is left to conjecture. The defendant was therefore guilty of no trespass in entering upon its said right of way, and in making all proper and necessary excavations and embankments for the construction of its roadbed. The gist of the complaint is in the averments that the defendant 'failed negligently and carelessly, in the construction of said embankment, to make any culvert, bridge, or drain, in, through, or under said embankment, whereby the water coming on the land hereinbefore described could escape, and that within five years last past the water falling upon said real estate of the plaintiff, and the water flowing thereon from the river, and from the surrounding land, has been stopped and hindered by said embankment from flowing off,' etc. No attempt is made to charge an interference with any natural water course, but only with the flow of surface water and waters overflowing from the river and spreading over the adjacent bottom of low lands. The question presented is, therefore, whether the defendant, having acquired a right of way for the construction of its railroad, and having found it necessary or expedient to raise its track above the natural surface of the land, owed any duty to the plaintiff to provide culverts or other means of pass-

Cleveland, etc., R. Co. v. Huddleston.

age through its embankment, for the surface water or water overflowing from the river and descending in that direction from or over the lands of the plaintiff. If upon the facts of the complaint such duty existed, a careless and negligent breach thereof, together with actionable damages, is shown, and the complaint is good. If such duty did not exist, the complaint is not good." The court held the complaint bad. The following authorities sustain the foregoing conclusion of the court. *Hill* v. *Cincinnati, etc., R. Co.*, 109 Ind. 511, and cases cited; *Jean* v. *Pennsylvania Co.*, 9 Ind. App. 56; *New York, etc., R. Co.* v. *Speelman*, 12 Ind. App. 372; *Robinson* v. *Shanks*, 118 Ind. 125; *Johnson* v. *Chicago, etc., Co.*, 80 Wis. 641, 50 N. W. 771, 14 L. R. A. 495; *Nichol* v. *Canada, etc., R. Co.*, 40 U. C. Q. B. 583; *O'Connor* v. *Fond du Lac, etc., Co.*, 52 Wis. 526, 6 N. W. 287. In the case last cited the court said: "The company has only obstructed a ditch which drained or carried off surface water from the plaintiff's premises. We do not think the defendant was bound to keep that ditch open on its own land for the convenience of the plaintiff; in other words, the owner of land is under no legal obligation to provide a way for the escape of mere surface water coming onto his land from the land of his neighbor, but has the right to change the surface of the ground so as to interfere with or obstruct the flow of such water." To the same effect was the decision in *Atchison, etc., R. Co.* v. *Hammer*, 22 Kan. 763. The complaint does not show a right to construct and maintain a ditch through appellant's land. This can only be done by the statement of facts showing such lawful right.

An artificial water way may not be constructed or maintained, except by authority of law, or under a contract, in any case where it imposes a burden upon

the property of an adjacent owner. Where, as here, a plaintiff seeks a recovery against a railroad company upon a theory that his land or property has been injured by an overflow, he must show by a statement of the facts that the ditch was rightfully established and constructed on 'or through the property of the company, and that the company was under a duty not to place culverts across such ditch. The company unquestionably had a right to construct culverts in the line of its right of way, and, indeed, to make a solid embankment, unless there was a lawful right to establish and maintain the ditch under its track. The right to change the track cannot be destroyed by constructing an artificial water way and conducting water to the bed on which the rails of the track rest, except only in cases where by contract, or by appropriate legal proceedings, authority to limit and restrict the rights of the company to enjoy the free use of its property has been secured. Such authority cannot be secured by the mere voluntary act of the interested parties. No man, of his own volition, can put a burden upon another, or restrict another's right to freely use and enjoy his property.

There are no facts averred showing a license from the appellant to construct a ditch to conduct water to or through its property. Such license will not be inferred. *Boltz* v. *Smith*, 3 Ind. App. 43. The law presumes that landowners have received full compensation for injuries resulting from the construction and operation of a railroad. The construction and operation of railroads include necessary changes in the roadbed and culverts. *Clark, Adm.*, v. *Hannibal, etc., R. Co.*, 36 Mo. 202; *Hodge* v. *Lehigh Valley R. Co.*, 39 Fed. 449; *Aldrich* v. *Cheshire R. Co.*, 21 N. H. 359, 53 Am. Dec. 212; *Johnson* v. *Atlantic, etc., R. Co.*, 35 N. H. 569, 69 Am. Dec. 560; *Slatten* v. *Des*

*Moines, etc., R. Co.*, 29 Ia. 148; *Van Shoick* v. *Delaware, etc., Co.*, 20 N. J. L. 249; *Porterfield* v. *Bond*, 38 Fed. 391; *White* v. *Chicago, etc., R. Co.*, 122 Ind. 317, 7 L. R. A. 257; 3 Elliott on Railroads, section 1004.

Where a right to build and maintain a railroad is acquired, the principal right includes the subsidiary right to make needed changes, since the presumption is that the company acquires all the estate, interest, and right necessary for the proper construction and maintenance of a railroad. *Hargis* v. *Kansas City, etc., R. Co.*, 100 Mo. 210, 13 S. W. 680; *East Tennessee, etc., R. Co.* v. *Telford*, 89 Tenn. 293, 14 S. W. 776, 10 L. R. A. 855; *Prather* v. *Western Union, etc., Co.*, 89 Ind. 501; *Indianapolis, etc., R. Co.* v. *Rayl*, 69 Ind. 424; *Campbell* v. *Indianapolis, etc., R. Co.*, 110 Ind. 490; *Duck River, etc., R. Co.* v. *Cochrane*, 3 Lea 478; *Day* v. *Atlantic, etc., R. Co.*, 41 Ohio St. 392; *Jones* v. *Erie, etc., R. Co.*, 144 Pa. St. 629, 23 Atl. 251; *Kansas, etc., R. Co.* v. *Allen*, 22 Kan. 285. Cases cited in 3 Elliott on Railroads, section 938, p. 1304.

The learned counsel for appellee claim that the complaint is sufficient because it shows a prescriptive right in the averment that the water had flowed through appellant's land for more than twenty years. The following are the allegations of the complaint upon this point: "The defendant making a sewer through and under the embankment threw up for their grade on which their tracks were laid, immediately in the line of said ditch, and for the purpose of allowing the waters therein to flow under said railroad, as they had done for twenty years previous thereto, negligently placed in line of said ditch an insufficient sewer." Appellant insists that the state-

ment "as they had done for twenty years" is merely a recital. But if we concede, without deciding, that this is a statement of a fact, and not a recital, the averment would not show a prescriptive right, for the reason that allowing water to flow in a designated channel does not establish a prescriptive right, (1) because a mere permissive use does not create an easement in land; (2) because, in order that an easement may be created, the use must be under a claim of right uninterrupted, continuous, and adverse; (3) because the right to control surface water is not lost by a failure to exercise the right. Gould on Waters, section 338; *Silver Creek, etc., Co. v. Union Lime, etc., Co.*, 138 Ind. 297. "The enjoyment must be under claim of right, and contrary to the interests of the owner. An enjoyment with the consent of the owner, or consistently with the rights of the true owner, has no tendency to prove a conveyance from him." *Brace v. Yale*, 10 Allen 441; *Davis v. Cleveland, etc., R. Co.*, 140 Ind. 468, and authorities there cited. In *McCardle v. Barricklow*, 68 Ind. 356, the court said: "The use and enjoyment of what is claimed as an easement must have been adverse, under a claim of right, exclusive, continuous, and uninterrupted, besides being within the knowledge and acquiescence of the owner of the estate over which the easement is claimed." Citing Washburn on Easements, 131; *Palmer v. Wright*, 58 Ind. 486; *Peterson v. McCullough*, 50 Ind. 35; *Mitchell v. Parks*, 26 Ind. 354; *Snowden v. Wilas*, 19 Ind. 10. The averment that the culvert was constructed for the "purpose of allowing the waters therein to flow under the railroad, and to continue in the channel of said ditch, as had been done for twenty years," is not an allegation of facts constituting a right by prescription. "A natural water course does not lose its character as such, by the fact that its channel is artificial-

ly deepened for the purpose of drainage. It makes no difference what appellations may have been given to it." 1 Am. & Eng. Decisions of Equity, 47. An artificial ditch may carry other than surface water. The railroad company would have no right to obstruct a natural water course or a ditch through which flowed other than surface water, to the damage of another, without being liable therefor. For such injury appellant would be liable, but the complaint before us does not present such a case. For the reasons that the complaint does not show that the ditch carried other than surface water, and does not show a prescriptive right in appellee, it must be held insufficient.

We do not deem it necessary to pass upon the other questions raised by the assignment of errors, as they may not arise upon a second trial. Judgment reversed, with instruction to the trial court to sustain appellant's demurrer to the complaint, and for other proceedings not inconsistent herewith.